ELIZABETH BROWNE CASEY, Respondent, *v.* PHILIP F. KASTEL and Another, Impleaded with UNITED STATES STEEL CORPORATION and Others, Appellants.

*Infants — action for conversion of stock belonging to infant — certificate indorsed in blank by infant and delivered to broker to be held awaiting instructions — broker sold stock — infant treated proceeds as her own and later received portion thereof — action lies.*

Appeal from a judgment of the Supreme Court, entered in the New York county clerk's office on September 6, 1922, on the decision of the court rendered after a trial at the New York Trial Term, a jury having been waived.

Judgment affirmed, with costs, on opinion of O'Malley, J., at Trial Term. [Reported in 119 Misc. Rep. 116.] Present — Dowling, Finch, McAvoy and Martin, JJ.; Finch, J., dissenting.

FINCH, J. (dissenting): This is an action in conversion. The plaintiff, a married woman, nineteen years of age at the time of the transactions involved, indorsed in blank and delivered to one Kastel, a broker, a certificate for 100 shares of stock, to be held awaiting further instruction. Said Kastel sold the stock through the defendants Johnson, Wood, Shear & Byron, as brokers, and the same was transferred on the books of the defendant corporation in the usual course of business. None of the appellants knew of the infancy of the plaintiff, and no facts existed to put them on inquiry. Upon Kastel informing the plaintiff that he had sold the stock, she agreed to lend him the proceeds thereof, receiving his note for $12,500, which apparently included a bonus of $1,500 over and above the market price of the stock. Plaintiff subsequently received $4,500 on account of this note, but Kastel failed to pay the balance. The theory of the plaintiff's claim is that the appellants wrongfully dealt with her property so as to be liable in conversion. From the foregoing facts it is clear that the plaintiff elected to be bound by her indorsement and to ratify the acts of Kastel in selling the stock; and that the transaction, by its nature, was valid until plaintiff sought to avoid the same. The transaction must be regarded, therefore, as an agreement between the plaintiff and Kastel, whereby, in consideration of the premises, the plaintiff gave Kastel the right to sell the stock and receive the proceeds. The infancy of the plaintiff did not *ipso facto* render this agreement void, but the same was voidable at the option of the plaintiff. (*Beardsley* v. *Hotchkiss,* 96 N. Y. 201, 211.) As long as the agreement remained in force, or, in other words, before a repudiation thereof by the plaintiff, the acts of the appellants complained of were

not unlawful, and cannot be made unlawful by a repudiation by the plaintiff after said acts were performed. As was said in *Carr* v. *Clough* (26 N. H. 280): " It follows, also, in the absence of fraud, where the contract is fully executed, that until the same is rescinded, the adult has the right to the property which he has received, and has the right to make a *bona fide* sale of the same before the rescission." In this connection it is to be noted that none of the appellants acquired any ownership in the property, but merely dealt with the same in the ordinary course of business, as before stated, without notice, and the acts were completely executed before any avoidance was sought by the plaintiff. The principle stated by Mr. Justice Lurton in *Smith* v. *Railroad* (91 Tenn. 221) is applicable to the facts in the case at bar. That was an action, among other things, to hold the defendant corporation, which had issued the stock in question, liable for having transferred a certificate of stock which was issued in the name of an infant. The court said: " That Mrs. Smith was a minor at the time of the sale and at the date of transfer on the company's books, cannot affect the question of the company's liability for making the transfer. The transfer of shares by a minor is voidable, not void. It is one of those acts which may or may not be to the interest of the minor. To say that every sale of shares by a minor was void would be disastrous to them in most cases. It is like the sale of lands or any other sort of property by a minor. If the act on its face is not such a one as is manifestly injurious to the minor, it will be held voidable merely at the election of the minor. * * * The sale being only voidable at the election of the minor, the corporation had no right to refuse a transfer, it not having been avoided at date of transfer. Mr. Lowell, on Transfer of Stocks, at section 138, says: ' It is, however, of no consequence that the title of the purchaser is voidable, if it has not in fact been avoided, because by the definition of the term voidable, the title of the purchaser in such a case is valid until avoided.' " It follows that the judgment should be reversed, with costs, and the complaint dismissed as to the appellants, with costs.