MAY ROSE NATHAN, an Infant, by ROBERT F. NATHAN, Her Guardian ad Litem, Appellant, *v.* HERMAN N. KARP, INC., Respondent.

First Department, November 27, 1925.

Contracts — capacity of parties — infants — action by infant to recover back money paid for automobile — rescission need not be made expressly on ground of infancy — repudiation, tender of automobile, and demand for return of consideration are sufficient — new trial on newly-discovered evidence denied.

An infant may recover the purchase price paid for an automobile on showing that the contract is repudiated and the automobile tendered to the seller and a demand made upon it for the return of the money paid therefor.

It is not essential to the maintenance of the action by the infant that the contract be repudiated expressly on the ground of infancy.

The court properly denied the plaintiff's motion for a new trial on the ground of newly-discovered evidence, since the alleged newly-discovered evidence was not within the categories prescribed for such proposed proof as will permit the granting of a new trial, and furthermore, it was not shown that the evidence was not available at the time of the trial if proper effort had been made to get it.

APPEAL by the plaintiff, May Rose Nathan, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 24th day of November, 1924, upon the dismissal of the complaint at the close of the plaintiff's case, and also from an order entered in said clerk's office on

the 27th day of March, 1925, denying plaintiff's motion for a new trial on the ground of newly-discovered evidence.

*Harry B. Raffel* [*Harold Nathan* of counsel], for the appellant.

*Slade & Slade* [*David H. Slade* of counsel; *Maxwell Slade* with him on the brief], for the respondent.

McAvoy, J.:

This action was brought by the infant plaintiff to recover the sum of $2,000 which she had paid as the purchase price of a second-hand automobile. There are two causes of action alleged in the complaint. The first cause of action is based upon a disaffirmance of the transaction described on the ground of infancy; the second cause of action is to recover the sum paid to defendant because of fraud and misrepresentation. The second cause of action was withdrawn, and the trial proceeded upon the claim of a rescission upon the ground of infancy.

The plaintiff showed that she purchased the automobile in question from the defendant and paid $2,000 therefor; that she was at the time an infant; and that prior to the commencement of the action she called with her attorney at the defendant's place of business, notified the defendant that the plaintiff rescinded the contract, tendered the car to the defendant and demanded the return of her money. The proof does not show that plaintiff or her representative, at the time of this rescission and tender, said anything concerning plaintiff's infancy. Plaintiff's representative did not know whether he had said that the rescission was made upon the ground of infancy or on the ground of misrepresentation. However, there is no doubt but that he tendered the car back and demanded the return of the moneys.

The motion to dismiss the complaint was made on the ground that there had been no rescission or tender of the car upon the express ground of infancy. The learned trial court granted this motion and dismissed the complaint on the ground asserted by the defendant.

We hold that it was error to dismiss the complaint on the ground that the plaintiff could not recover without proving a rescission on the express claim of infancy. There is no authority holding that an infant who disaffirms a contract must do so on the express ground of infancy, and that otherwise the infant's tender back of what was received, and demand for restoration of that with which he parted, are ineffectual. No reason need be given for the disaffirmance or for the demand of payment and offer of return of consideration.

The particular form of disaffirmance required is not prescribed by the decisions. An intention to repudiate the contract must be

made manifest, and whatever the act of disaffirmance be, it must be an unequivocal stand. That which indicates renunciation of the bargain or a disposition not to abide by the contract is sufficient to disaffirm it. The commencement of an action to recover back the infant's payment in consideration is a sufficient disaffirmance. The infant upon repudiation must make a demand before bringing action, and tender back before suit whatever he has received which is still in his possession or control.

In *Casey* v. *Kastel* (237 N. Y. 305) a similar question arose. There the action was in conversion, brought by an infant through her guardian *ad litem.* It arose out of the sale of a certificate of stock of the United States Steel Corporation which had been sold by the defendant Kastel as the infant's broker or agent. The plaintiff's endeavor was to hold in conversion not only Kastel, but also other brokers who were concerned in effecting the sale, and the United States Steel Corporation, which canceled the certificate, transferred the stock upon its books and issued a new certificate to the purchaser. The plaintiff made no demand and served no notice of disaffirmance prior to commencing the action. Judgment for the plaintiff was given at the trial, it being ruled that the infant's appointment of an agent was absolutely void. (*Casey* v. *Kastel,* 119 Misc. 116.) We affirmed the judgment on the opinion of the trial court. (*Casey* v. *Kastel,* 206 App. Div. 793.) It was held in the Court of Appeals that an infant's appointment of an agent to sell goods is voidable and not void, and reversed the judgment as against the United States Steel Corporation because the transfer was legal and valid when made and the corporation could not lawfully refuse the transfer. That court, however, affirmed the judgment as to the individual defendants. In referring to the defendant's contention that the plaintiff could not sue for a conversion based on a rescission without previously giving notice of disaffirmance, Judge POUND remarked in *Casey* v. *Kastel* when that cause was decided in the Court of Appeals: " It is urged on their behalf that as no tort was committed until disaffirmance, no action should lie without a prior disaffirmance." He continues (at p. 314): " The right of an infant to avoid or rescind contracts made during his minority does not depend on his ability to restore the consideration or otherwise make restitution to the other party (*Green* v. *Green,* 69 N. Y. 553), but to the extent that he still has the consideration, the other party becomes entitled thereto.    *    *    * The voidable deed of an incompetent person may be avoided in an action of ejectment without resorting to equity    *    *    * (*Smith* v. *Ryan,* 191 N. Y. 452, 459.) The beginning of replevin has also been held to be a sufficient act of rescision (*Wise* v. *Grant,*

140 N. Y. 593, 596), but the general rule is that in law, in an action based on the prior rescission of a voidable contract, a tender before suit is necessary  *  *  *."

It was ruled, too, that notice of rescission can be dispensed with where there is nothing to tender back, and that since the plaintiff had received nothing from the defendants who had participated in making the sale, "no substantial right would have been conserved by a prior disaffirmance of the transfer as to them."

The plaintiff in the cited case was given judgment, although before bringing suit she had made no demand and served no notice of disaffirmance.

Under the ruling pointed out this judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.

As to the order denying the motion for a new trial on the ground of alleged newly-discovered evidence, the order should be affirmed as we cannot agree that the alleged newly-discovered evidence was within the categories prescribed for such proposed proof as will permit the granting of a new trial. Neither is it shown that it was not available if proper effort had been made to get it.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, MERRELL and BURR, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide event. Order affirmed, with ten dollars costs and disbursements.