OAKDALE CONTRACTING COMPANY, INC., Respondent, v. THE CITY OF NEW YORK, Appellant.

First Department, October 31, 1941.

*Jeremiah M. Evarts* of counsel [*Frederick v P. Bryan* and *Robert F. Wilson* with him on the brief; *William C. Chanler, Corporation Counsel*, attorney], for the appellant.

*Murray L. Halpern* of counsel [*Paul Englander* with him on the brief; *Murray L. Halpern*, attorney], for the respondent.

TOWNLEY, J. It is well settled that a party who desires to move for a new trial on the ground of newly-discovered evidence must do so promptly or must adequately explain any delays. Such a party must also show that the evidence was not available by the exercise of due diligence at the first trial. (See *Thompson* v. *Welde*, 27 App. Div. 186; *People* v. *Prime*, 208 id. 445.)

The evidence now claimed to be newly discovered existed at the time of the trial. The Osborne Drilling Corporation was then in existence, its records were available, and the identity of the men making the borings was easily obtainable by an examination of these records. An examination was allowed before trial of whatever documents the city had. The trial of this action began in May, 1936, and did not end until October, 1936. The issue throughout this long trial centered around these borings. During all this time and for nearly four years thereafter, plaintiff never took the trouble to investigate what these records showed and what the men who actually made the borings would say. The discovery now of what was readily available during all that time is not "newly discovered" in the sense in which that term is used by the authorities. The affidavits submitted in support of this application, if accepted, tend merely to show that some of the samples used on the trial were not taken by the Osborne Drilling Corporation's men. They do not show that the samples shown the plaintiff and on which its bid was based were any different from those which plaintiff offered in evidence and which the court found showed silt. This evidence is, therefore, neither newly discovered nor such as would probably change the result on a new trial.

This case involves a contract made fifteen years ago. Already one of the section engineers who testified for the defendant and who made an affidavit for the defendant herein has died. The original trial was a long one and it is obviously very difficult for the city to present a complete defense upon a retrial.

The orders should be reversed, with costs and disbursements, and the motion for a new trial denied.

MARTIN, P. J., O'MALLEY, GLENNON and UNTERMYER, JJ., concur.

Orders unanimously reversed, with costs and disbursements, and motion for a new trial denied.