■ ANNA CIZLER, as Administratrix of the Estate of JOHN CIZLER, Deceased, Respondent, v. GEORGE CIZLER, Appellant.

*Per Curiam.* Defendant appeals from an order entered July 8, 1963, granting plaintiff's motion for a new trial on the ground of newly discovered evidence.

Appellant urges no facts are presented to show the evidence could not have been discovered with reasonable diligence, and that the evidence proposed is not of sufficient cogency to render it reasonable to suppose the court's conclusion might have been otherwise if the evidence were presented.

The action is for damages for personal injuries and wrongful death. Plaintiff's husband, the decedent, died June 6, 1959, as a result of injuries received June 19, 1958, in an automobile accident allegedly caused by defendant's fault. At the trial and after both sides rested, the court refused to submit the case to the jury and, on the defendant's motion, dismissed the complaint for failure of proof.

The only evidence of possible negligence was the defendant's testimony that he was driving 60 to 65 miles an hour at the time of the accident. Defendant had been seriously injured and could not recall or testify to road conditions at the time of the occurrence. Testimony by others that the road was under construction, and its condition at that time, was stricken since they did not witness the accident and because of the time that elapsed before they arrived at the scene. The police records, official reports and newspaper clippings indicated there were no eyewitnesses to the accident.

The newly discovered evidence is that of an eyewitness, a doctor and casual traveler, who paused briefly to render medical assistance, remaining only until the ambulance arrived, when he spoke to the doctor or medical attendant, and then departed.

The affidavit in support of the motion details the varied and extensive pretrial efforts in the search for witnesses. There is absolutely no evidence that plaintiff was aware of the existence of any eyewitness, though her daughter relates that a doctor at the hospital on the day of the accident mentioned a Dr. Ried of Illinois had given first aid.

A motion of this kind is addressed to the sound discretion of the court. In this case the Trial Judge who granted the motion observed that the evidence could not have been discovered with reasonable diligence, that it is likely to

produce a different result, and that it is in the interests of substantial justice to grant the motion.

The question before us is whether the court abused its discretion in granting the motion. The various criteria, i.e., that it must not be cumulative, is not such as would merely impeach the credibility of an adverse witness, must be timely made, have apparently been met for the testimony is challenged only on the two bases above set forth. The question of reasonable diligence is a question of fact under the circumstances, and the detailed affidavit supports the expressed view of Special Term that reasonable diligence was exercised.

The conclusion of Special Term that such evidence is likely to change the result is expressed by the Justice who presided at the trial and who is best fitted to express an opinion as to the probable outcome. There is no requirement that the evidence must, as a guarantee, change the result, but only that it will "in all probability" produce such a result (*Collins* v. *Central Trust Co. of Rochester*, 226 App. Div. 486; CPLR, § 5015). That requirement, from the record, has been met.

In the exercise of our discretion we deem it fair to impose terms and conditions. Accordingly, the order appealed from is modified to condition the order on payment of taxable costs of the action and appeal to date, including defendant's taxable disbursements for the trial. As so modified, the order is otherwise affirmed.

McNALLY, J. (dissenting). I dissent and vote to reverse and deny the motion for a new trial.

The alleged newly discovered evidence relates to physical circumstances such as the presence of warning signs, the condition of the road, road construction in progress and the condition of the motor vehicle involved in the occurrence, evidence of which was obtainable in the exercise of reasonable diligence soon after the event. Testimony available before the trial as it is at the time of the motion is not such newly discovered evidence as would warrant a new trial. (*Oakdale Contr. Co.* v. *City of New York*, 262 App. Div. 494; *Collins* v. *Central Trust Co.*, 229 App. Div. 363; *Joannes Bros. Co.* v. *Federal Sugar Refining Co.*, 218 App. Div. 396; *Nathan* v. *Herman N. Karp, Inc.*, 214 App. Div. 490; *Baily* v. *Hornthal*, 1 App. Div. 44.) Moreover, the proposed evidence will not change the result. (*Cole* v. *Swagler*, 308 N. Y. 325; *Galbraith* v. *Busch*, 267 N. Y. 230; *Lo Piccolo* v. *Knight of Rest Prods. Corp.*, 7 A D 2d 369, affd. 9 N Y 2d 662; *Evans* v. *Groves & Sons Co.*, 315 F 2d 335.)

Breitel, J. P., Stevens and Eager, JJ., concur in Per Curiam opinion; McNally, J., dissents in opinion, in which Rabin, J., concurs.

Order, entered on July 8, 1963, modified to condition the order on payment of taxable costs of the action and appeal to date, including defendant's taxable disbursements for the trial, and, as so modified, is otherwise affirmed. Settle order on notice.