### REILLY v. HASELTINE. (two cases).

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

1. CANCELLATION OF INSTRUMENTS—PLEADING—VARIANCE.

Where the complaint in an action to set aside a bond and mortgage as without consideration alleged that plaintiff gave her brokers $2,450 with which to purchase a certain lot for her, that they purchased it in the name of a dummy for $2,250, and sold it to plaintiff through their dummy for $4,950, inducing plaintiff to give a mortgage thereon for $2,500 without consideration, and the proof showed that plaintiff employed the brokers to purchase an entirely different lot, that they negotiated the sale for $4,200, but a defect was found in the title, and the brokers sold her in its stead another lot which they had purchased for themselves taking title in the name of a third person, plaintiff having knowledge of all the circumstances, there could be no recovery on account of the variance.

2. ESTOPPEL—CERTIFICATE—AUTHENTICITY—EVIDENCE—SUFFICIENCY.

Where a certificate of estoppel in which a mortgagor represented that a mortgage was a valid and subsisting obligation was executed with all the formalities necessary to make it competent evidence under the Code of Civil Procedure, a mere denial by the mortgagor herself of her execution of the instrument did not necessarily overcome the presumption of its validity.

3. MORTGAGES — ASSIGNMENT — DEFENSES AGAINST ASSIGNEE — ESTOPPEL OF MORTGAGOR.

Where a mortgagor executes a certificate of estoppel representing that the mortgage is a valid and subsisting obligation, she is estopped to question its validity as against an assignee taking it in reliance upon the certificate.

4. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

Evidence relating to expert testimony on the question of the genuineness of plaintiff's signature to a certificate of estoppel, which was as

available before the trial as afterward, is not ground for a new trial for newly discovered evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, §§ 210–214.]

Appeal from Trial Term.

Actions by Mary Reilly against George Haseltine. From judgments of dismissal upon the merits and orders denying a new trial, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Hobart S. Bird, for appellant.
W. F. Clare, for respondent.

WOODWARD, J. This action was brought to set aside a certain bond, and to set aside and cancel of record a certain mortgage for $2,500, signed by the plaintiff, delivered to one Harlow H. Chandler, and duly assigned to the defendant. The basis of the action is fraud; it being claimed that, by reason of the fraudulent transaction, the bond and mortgage in question are without consideration, and singularly enough the plaintiff calls as a witness the very man who is alleged to have perpetrated the fraud, and by him establishes that there was no such fraud, for, while the plaintiff herself gives some testimony tending to establish the cause of action, her own witness says that the transaction complained of was simply one between the plaintiff as a purchaser and himself as a vendor, under circumstances that exclude the idea of fraud. It is quite common, when people have failed to realize all that they have contemplated in a transaction, to allege fraud, but it is still necessary to go beyond the point of allegation. There must be proof. It appears from the pleadings and the evidence that the plaintiff employed one Hodgskin and his partner (the latter not acting to any great extent) to purchase certain real estate; Hodgskin receiving a commission upon such purchases. It is doubtless true that the plaintiff placed great reliance upon Hodgskin, but the evidence discloses only special agencies in reference to particular pieces of property. The theory of the complaint is that the plaintiff gave to her brokers the sum of $2,450 to purchase for her a lot of land in Richmond county, known as the "Androvette lot"; that they purchased the same in the name of a dummy for $2,250; that they sold the same through their dummy to the plaintiff for $4,950, and induced the plaintiff to give a mortgage thereon for $2,500 without consideration upon receiving a conveyance of the lot from the dummy; that this is the mortgage involved in this action; and that the defendant took an assignment of the same subject to the equities. But the proof is that the plaintiff employed the brokers to purchase a piece of property known as the Wood lot, an entirely different piece of property; that the brokers negotiated for the same in her behalf for $4,200; that she gave them $500 on account of the purchase; that they secured a contract, by the terms of which they were to pay $1,950 on the closing of the contract, with a mortgage for $1,750; that subsequently it was discovered that there was a defect in title of the owner of the Wood lot;

that in the meantime the brokers had purchased in their own behalf the Androvette lot mentioned in the complaint, taking title in the name of one Chandler; that the plaintiff was informed of the fact that the Title Guarantee Company would not approve of the title to the Wood lot, and that the brokers then offered to sell her the Androvette lot in lieu of the Wood lot for $4,950, and it was in the performance of this transaction that the mortgage in suit found its inception. Plaintiff's own witness testifies to these facts, and says that the transaction occurred after the plaintiff was fully informed of all the facts, and when she had full knowledge that she was purchasing of the brokers, and not merely taking title to property bought in her behalf. There was a failure, therefore, to establish the case alleged in the pleadings, and there was no amendment of the same upon the trial.

But, in addition to this, there was introduced and received in evidence a certificate of estoppel, in which the plaintiff represented that the mortgage in question was a valid and subsisting obligation. It is true that the plaintiff denied the signature to the instrument, but it was made in the presence of her own witness, Hodgskin, who witnessed its execution, and it had the certificate of a commissioner of deeds that the signature was so witnessed, so that it had all the formalities necessary to make it competent evidence under the provisions of the Code of Civil Procedure, and we are of the opinion that under the authorities a mere denial by an interested witness does not necessarily overcome the presumption of validity. The plaintiff in the presence of the court wrote her name for the purpose of comparison, and the learned court decided, as we are inclined to believe correctly, that the signature was genuine. So that, in addition to the plaintiff failing to establish the cause of action pleaded, there was a complete estoppel to question the validity of the mortgage; the defendant having taken the assignment relying upon this certificate.

The motion for a new trial, it seems to us, is without greater claims than the appeal upon the merits. The so-called newly discovered evidence relating to expert testimony on the question of the genuineness of the plaintiff's signature was as available before the trial as afterward, and it does not come within the well-established rule in such cases. So far as we are able to discover, the defendant is an innocent party, and there is no reason to suppose that the ends of justice will be promoted by a new trial.

The judgment and order appealed from should be affirmed, with costs. All concur.