(164 App. Div. 70)

GRAFTON v. BALL.

(Supreme Court, Appellate Division, Second Department. October 16, 1914.)

1. NEW TRIAL (§ 101*)—NEWLY DISCOVERED EVIDENCE—WHAT CONSTITUTES.
    Evidence of testimony given by plaintiff in supplementary proceedings brought against him is not newly discovered evidence warranting a new trial to defendant, where defendant was also examined in the proceeding and discussed with the attorney for the judgment creditor the testimony of plaintiff.
    [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 205, 206; Dec. Dig. § 101.*]

2. NEW TRIAL (§ 102*)—NEWLY DISCOVERED EVIDENCE—DILIGENCE.
    A defendant, who knew that a public record contained evidence in his favor, cannot be granted a new trial on the ground of newly discovered

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

evidence contained in the record, where any sort of diligence would have enabled him to have produced it at the trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 207, 210–214; Dec. Dig. § 102.*]

3. NEW TRIAL (§ 108*)—NEWLY DISCOVERED EVIDENCE—SUFFICIENCY.

A new trial will not be granted on the ground of newly discovered evidence, where it is not likely that such evidence would cause a different result.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 226, 227; Dec. Dig. § 108.*]

4. NEW TRIAL (§ 104*) — NEWLY DISCOVERED EVIDENCE — CUMULATIVE EVIDENCE.

Where plaintiff claimed that a release procured by defendant was signed by him without knowledge of its contents, because he could not read or write, and defendant and others testified that plaintiff could read and write, newly discovered evidence showing that, when examined in another suit, plaintiff might have read aloud the contents of a check, is at the most only cumulative, and will not warrant a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 218–220, 228; Dec. Dig. § 104.*]

5. NEW TRIAL (§ 108*)—NEWLY DISCOVERED EVIDENCE—RIGHT TO.

In an action for breach of a contract entered into when plaintiff conveyed to defendant property, on which buildings had been erected, in consideration of the agreement that defendant, upon selling the property, should make stipulated payments to plaintiff, newly discovered evidence that, in another suit, plaintiff testified that his property was mortgaged, that defendant was going to foreclose, and that for that reason he made the conveyance, is not in conflict with the claims of plaintiff, and does not authorize a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 226, 227; Dec. Dig. § 108.*]

Appeal from Special Term, Kings County.

Action by Robert Grafton against John Oscar Ball. From an order granting defendant a new trial, plaintiff appeals. Order reversed, and verdict for plaintiff reinstated.

See, also, 148 N. Y. Supp. 1117.

Argued before JENKS, P. J., and BURR, RICH, STAPLETON, and PUTNAM, JJ.

Martin T. Manton, of New York City (Vine H. Smith, of New York City, on the brief), for appellant.

A. P. Bachman, of New York City, for respondent.

RICH, J. This action is to recover damages for the alleged breach of a contract. It appears that the plaintiff was the owner of certain vacant lots on Bergen street, in Brooklyn, and was a practical contractor and builder. He and two other men, Heaney and Conolly, under the name of the Red Hook Realty Company, were interested in erecting houses upon said lots; the plaintiff contributing the lots and his practical experience as against their money. Later the defendant became the financial backer of the parties and acted as the plaintiff's attorney in some of their transactions. Differences arose between the parties, and Heaney and Conolly retired from the company; their interests being purchased with money furnished by defendant, who

took mortgages upon the property in question as security for all of the money advanced by him.

On April 26, 1907, the plaintiff conveyed the property to the defendant by a full-covenant warranty deed. No consideration was paid plaintiff at the time of the conveyance. The issue of fact between the parties is as to the agreement, if any, upon which this conveyance was made. The plaintiff's contention, supported by his testimony, is that he was induced to make the transfer by defendant's assertion that if he had the title to the property he could effect a sale more readily and advantageously, and thus get back the money he had advanced; and plaintiff testifies that in consideration of such conveyance the defendant agreed, first orally and two days later in writing, that immediately upon·effecting a sale he would pay to the plaintiff, for his interest and share in the property, the sum of $3,500, in one year thereafter the further sum of $1,750, and in two years thereafter the further sum of $1,750—$7,000 in all.

The defendant absolutely denies making such a contract, and contends that the plaintiff had no beneficial interest in, or ownership of, the property during the period when the title thereto was in his name, but was permitted to hold it, that he might receive the credit of successfully carrying through the building operations, and upon the understanding and agreement on his part that he would convey it to the defendant when the buildings were finished and such conveyance demanded, and that the transfer of the property to him was for the purpose of carrying out such agreement. It is conceded that the property was sold by the defendant, and that he has not paid any part of the avails of the sales to plaintiff.

The answer alleges as further defenses that the alleged contract was not in writing, and was therefore barred by subdivision 1 of section 31 of the Personal·Property Law (Consol. Laws, c. 41), and a release executed by plaintiff to defendant under date of July 26, 1911, which the plaintiff testified he had no knowledge of ever having signed, and says that, if he did sign it, it was without knowledge of its contents, and signed as he signed many other papers which the defendant, as his attorney, requested him to sign, without knowing what they were; and in this connection he testified that he was illiterate, and, with the exception of being able to write his name, unable to read or write.

These issues of fact the learned trial court submitted to the jury under a charge free from error. They were instructed that the plaintiff could not recover unless he had established by a preponderance of the evidence that a written agreement was made by which the defendant obligated himself to pay to plaintiff, upon the sale of the property, $7,000. The jury rendered a verdict for the plaintiff for the $7,000, and the court denied the defendant's motion, made on the minutes, to set the verdict aside and for a new trial, but subsequently granted a similar motion upon the ground of newly discovered evidence, upon condition that the defendant pay plaintiff his taxable costs and disbursements, including a trial fee, file an approved bond in the penal sum of $14,000 conditioned for the payment of any judgment

which the plaintiff might recover against him as the result of such new trial, and stipulate that the case be set for retrial on the fourth Monday of March following, and that he would be ready for trial on that day. The motion was granted, the learned court says, "with some hesitation."

[1] The newly discovered evidence consists of the plaintiff's testimony, given in proceedings supplementary to execution in May, 1910. There was nothing before the court showing that the defendant did not know, at the time of the trial, of the testimony given by the plaintiff in the supplementary proceeding. It appeared from the opposing affidavits, and was uncontradicted, that the defendant was examined as a witness in the same proceeding; that the testimony given by the plaintiff was fully discussed during the examination by the defendant with the attorney for the judgment creditor; that prior to the trial of this action the attorney for the judgment creditor had been requested by defendant's attorney to furnish him with a copy of such testimony and was later informed that the testimony he desired had been found on file in the Register's office. It would seem that the defendant knew all about this testimony prior to the trial, and it was not, therefore, newly discovered evidence.

[2] In addition, there is an entire absence of anything tending to show the exercise of due diligence by the defendant, or any effort on his part to procure such testimony for use on the trial. If it was not found until after the trial, that fact cannot aid the defendant, for it is clear that by the use of ordinary diligence he would have found this public record.

[3] Still further, the moving papers do not disclose any likelihood that such testimony would change the result upon a new trial. The bare possibility that a different result might be reached is not sufficient to authorize the order. Tarbell v. Finnigan, 55 App. Div. 629, 631, 66 N. Y. Supp. 1047.

[4, 5] The testimony given by plaintiff in the supplementary proceeding is at variance with his testimony given upon the trial of this action in two particulars. In the proceeding he testified that he had in his pocket $55 in bills, and a check. He was then asked:

"Q. Who gave you the check? A. I can't remember. Q. Inasmuch as you are now in possession of said check, will you examine it and tell me what bank it is drawn on and by whom? A. It is drawn on the Mutual Alliance Trust Company, 266–268 Grand street, New York City, No. 1359, for $15, dated May 7, 1910, drawn by H. Hurwitz Co., per H. Hurwitz."

It is urged that this testimony establishes the falsity of plaintiff's evidence upon the trial that he could not read. I do not think it should be given that weight. The record does not show, nor is any proof presented, that the plaintiff looked at the check, or made any pretense of reading it, before he answered the question, or that he did not produce it and exhibit it to his examiner or the referee. If this evidence established that plaintiff could read, it was cumulative. Both the defendant and his attorney testified upon the trial that the plaintiff could and did read in their presence and read aloud to them.

The plaintiff's testimony in the supplementary proceeding as to the

signing of any contract with the defendant in connection with the transfer of realty to him was limited to the Schenectady avenue lots, and did not include the property on Bergen street in connection with which he testified on the trial of defendant's contract to pay him $7,000 when the property was sold. Upon his examination the plaintiff testified that he owed Ball $5,000 or $6,000, advanced to him from time to time to finish the houses; that Ball was going to foreclose, and he therefore transferred the property on Bergen street to him. It appeared upon the trial that the defendant had made such advances, and that the same were secured by mortgages on the property. The testimony on both occasions is, as I view it, entirely consistent with plaintiff's contention that he had a real and substantial interest in the Bergen street property, for which the defendant agreed to pay him $7,000 when it was sold.

To justify the order upon the ground of newly discovered evidence, it must appear that such evidence has been discovered since the trial; that it could not have been obtained for use upon the trial by the exercise of reasonable diligence; that it is material to the issue and goes to the merits of the case; that it is not merely cumulative; and that its character is such that it would probably have changed the result, or would probably change it upon a new trial, if granted. Defendant failed to establish either of these requirements, and it follows that the order must be reversed.

Order, in so far as appealed from, reversed, and the verdict reinstated, with costs. All concur.