HELENA F. COLLINS, Appellant, *v.* CENTRAL TRUST COMPANY OF ROCHESTER, N. Y., and Another, as Executors, etc., of J. RAYMOND KELLY, Deceased, Respondents.

Fourth Department, June 27, 1929.

*Fowler & Wegner* [*H. H. Cohen* of counsel], for the appellant.

*Castle & Fitch* [*J. Sawyer Fitch* and *George S. Van Schaick* of counsel], for the respondents.

EDGCOMB, J. This is an action in equity, brought to cancel and discharge of record a certain mortgage given by the plaintiff to J. Raymond Kelly, defendants' testator.

The plaintiff claimed that Mr. Kelly prior to his death returned to her the bond, which was secured by the mortgage in suit, intending

thereby to cancel and relinquish the debt, but postponing the actual discharge of the mortgage until his demise.

The defendants maintained that the alleged gift, if ever made, was testamentary in character, and consequently void.

Judgment has been rendered in favor of the plaintiff, directing the defendants to satisfy the mortgage. (133 Misc. 93.)

After the trial and entry of judgment, the defendants claim to have discovered certain evidence, indicating that the present to the plaintiff of the bond and mortgage in question was obtained by undue influence exercised by the plaintiff over decedent. No such allegation is found in the answer. Defendants then made a motion to set aside the judgment, and to amend their answer by alleging undue influence, and to be permitted to try the entire case over again. This motion was granted, and plaintiff appeals.

Respondents assert that this newly-discovered evidence came to light for the first time upon a hearing had in the Surrogate's Court of Monroe county, relating to certain claims filed by the plaintiff against the estate of Mr. Kelly; they say they never knew before that trial that the plaintiff had acted as decedent's nurse, or that a meretricious relationship existed between the two. Respondents urge that transactions between patient and nurse, which are advantageous to the latter, create a presumption of undue influence, and that any business between persons, whose sexual relations are inproper, whereby one gains a financial advantage over the other, is presumed to be tainted with undue influence. Defendants seek a new trial to prove this relationship which they say actually existed between plaintiff and decedent.

Motions for a new trial upon the ground of newly-discovered evidence are addressed very largely to the discretion of the court. Nevertheless, the freedom of the court to act according to its own judgment must be exercised within the well-established rules controlling such applications.

Newly-discovered evidence which is offered merely to discredit a witness of the opposite party cannot be made the basis of a new trial. (*People* v. *Becker*, 215 N. Y. 126, 159, 160; *People* v. *Eng Hing and Lee Dock*, 212 id. 373, 386; *Brady* v. *Industrial Benefit Assn.*, 79 Hun, 156; *Carpenter* v. *Coe*, 67 Barb. 411.)

A portion of the proposed evidence upon which another trial is asked comes within this criticism, and cannot be considered on this motion.

It is well settled that to entitle a party to a new trial on the ground of newly-discovered evidence, it must appear that such evidence could not, with reasonable diligence, have been obtained for use on the first trial. (*People* v. *Prime*, 208 App. Div. 445,

448; *Grafton* v. *Ball*, 164 id. 70; *Hagen* v. *N. Y. C. & H. R. R. R. Co.*, 100 id. 218; *Bridenbecker* v. *Bridenbecker*, 75 id. 6; *Kring* v. *N. Y. C. & H. R. R. R. Co.*, 45 id. 373; *Thompson* v. *Welde*, 27 id. 186; *Sayer* v. *King*, 21 id. 624; *Smith* v. *Rentz*, 73 Hun, 195.)

Parties are supposed to prepare their cases for trial. If they fail so to do and are defeated, they are not entitled to another trial. They have no one except themselves to blame for the result. There should be some end to litigation. The Constitution gives to all litigants their day in court, and a fair and impartial trial, but it does not assure them two days in court.

The moving affidavits are absolutely silent as to any efforts which the defendants made to obtain this newly-discovered evidence before the trial. What preparation, if any, was made for the trial does not appear. We are not told whether any inquiries were made in the proper quarter, or whether any diligence was used to discover any evidence favorable to the defendants. As a matter of fact, the defendants swore no witnesses on the trial. Their cross-examination was short and perfunctory. Plaintiff's evidence stood uncontradicted. Apparently, respondents were content to stand on that evidence, and defend upon the theory that the gift was testamentary in character, and, therefore, void.

If a meretricious relation existed between the plaintiff and decedent, it is inconceivable that the latter's family did not know all about it, or at least did not have some suspicion of what was going on between the two. Some of these new witnesses relate occurrences which took place in the open, and where decedent's family could scarcely have failed to know what was going on. Several of these witnesses were close friends of decedent's relatives. One had lived in the Kelly house; another was connected in business with the brother of the decedent, and the affiant who makes the affidavit on which this motion is based; another was so friendly with one of decedent's children that he had borrowed money from him.

This is not a case where defendants were caught unawares and forced to trial before they had had an opportunity to make proper investigation. The action was commenced in February, 1928, and was not tried until the following September. Defendants had ample time to prepare the case for trial.

The fundamental and underlying test to be applied to motions of this character is whether the newly-discovered evidence is of such a nature, and is so positive and convincing, that it will, in all probability, produce a different result, if a new trial is had. It would be but an idle gesture to grant a second trial, if the result would not be changed. (*Grafton* v. *Ball*, 164 App. Div. 70; *Hueser* v. *N. Y. Transportation Co.*, 143 id. 494; *Hagen* v. *N. Y. C. & H.*

*R. R. R. Co.*, 100 id. 218; *Kring* v. *N. Y. C. & H. R. R. R. Co.*, 45 id. 378; *Keister* v. *Rankin*, 34 id. 288; *Sayer* v. *King*, 21 id. 624; *Hecla Powder Co.* v. *Sigua Iron Co.*, 1 id. 371; *O'Harra* v. *N. Y. C. & H. R. R. R. Co.*, 92 Hun, 56, 60; *Brady* v. *Industrial Benefit Assn.*, 79 id. 156.)

It is not enough to say that a different conclusion might be reached on another trial. (*Pagett* v. *Connecticut Mut. Life Ins. Co.*, 55 App. Div. 628, 631.)

While some of this alleged newly-discovered evidence tends to show a meretricious relation between decedent and plaintiff, I am not at all sure that the trial court would find, even if the testimony was uncontradicted, sufficient evidence to base a finding that this gift was brought about by undue influence exercised by plaintiff over decedent. Especially is that true when we take into consideration the character of some of these witnesses whom it is desired to call upon another trial. Ordinarily, the credibility of a witness is for the jury, or the trial court, if there is no jury. But on a motion of this description, if it appears without contradiction that the witnesses to be sworn are of such a character that their testimony would carry but little weight, and would be scrutinized with great care before it would be considered to any extent, such fact should be taken into consideration in determining whether or not the evidence is of such quality and weight that it would undoubtedly bring about a different result, if a new trial were had. (*Hueser* v. *N. Y. Transportation Co.*, 143 App. Div. 494, 496; *Hagen* v. *N. Y. C. & H. R. R. R. Co.*, 100 id. 218, 221.)

The character of these proposed witnesses is not disputed; it was gleaned from the witnesses themselves on the hearing before the surrogate. One is a self-confessed gambler and bootlegger. Upon the hearing in Surrogate's Court he refused to state what source of income he had besides gambling and selling automobiles, upon the ground that the answer would tend to degrade him. He was living with a woman, one of the other proposed witnesses, although they had not been marrried. Another witness was an ex-convict, having been convicted of forgery.

I do not think that the testimony of such witnesses would carry very much weight.

Defendants have failed to make out a case entitling them to another trial, and the order appealed from should be reversed, with costs, and the judgment should be reinstated.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Order reversed, with costs, and judgment reinstated.