HELENA F. COLLINS, Appellant, v. CENTRAL TRUST COMPANY OF ROCHESTER, N. Y., and Another, as Executors, etc., of J. RAYMOND KELLY, Deceased, Respondents, Appellants.*

Fourth Department, April 30, 1930.

*Fowler & Wegner* [*H. H. Cohen* of counsel], for the plaintiff.

*Castle & Fitch* [*George S. Van Schaick* of counsel], for the defendants.

EDGCOMB, J.   This court has recently had occasion to reverse an order setting aside the judgment in this case and granting a new trial on the ground of newly-discovered evidence (*Collins* v. *Central Trust Co. of Rochester*, 226 App. Div. 486).   Thereafter, defendants made another motion for the same relief, based upon the same evidence relied upon before, together with certain additional evidence tending to show that Exhibit 3, which we will later refer to, was a forgery.   The motion was granted, and plaintiff appeals.

In view of what was said in our opinion on the former appeal, we deem it unnecessary at this time to enter into any extended discussion of the nature of the alleged newly-discovered evidence, or the failure of the defendants to bring themselves within the rules governing motions of this character.   We have no occasion to change our opinion as to the correctness of the result reached on the former appeal.   We think that the additional evidence set forth in the moving papers on this motion is insufficient to warrant the granting of another trial.

Exhibit 3 is a paper which purports to have been signed by defendants' testator, in which he promised to marry the plaintiff within six months after the marriage of his own daughter, and in which he directed his executors, in case he died before the fulfillment of his agreement, to pay to the plaintiff $25,000 in cash " for her constant care and companionship," and to discharge all her debts, and to transfer and deliver to her the mortgage which it is sought to cancel in this action.   This exhibit does not constitute the basis of plaintiff's right to recover.   There is ample evidence to sustain the judgment without this particular exhibit.   If it were eliminated, and if the evidence of the meretricious relationship which existed between plaintiff and the decedent, and which defendants now desire to present, were thrown onto the scales along with all the other evidence, we do not think that it would change the result.   If that is so, this motion should not have been granted, because, as we pointed out in our former opinion, " the fundamental and underlying test to be applied to motions of this character is whether the newly-discovered evidence is of such a nature, and is so positive and convincing, that it will in all probability produce a different result, if a new trial is had."   The evidence which was

given upon the trial clearly indicates that decedent intended to give the plaintiff the property covered by the mortgage in suit, and Exhibit 3 has no real bearing upon that question.

The proof upon which respondents rely to show that Exhibit 3 is a forgery rests largely upon the testimony of Mr. Stein, a hand-writing expert. His testimony was just as available before the trial as it is to-day, and is not such newly-discovered evidence as would warrant the granting of this motion. (*Reilly* v. *Haseltine, Nos. 1 & 2*, 127 App. Div. 64.)

We think that this motion should be denied for another reason. Before a defeated party is entitled to a new trial upon the ground of newly-discovered evidence, he must show that he used reasonable diligence to prepare the case for trial, and was unable to discover the new evidence. One seeking a new trial must show that he made timely inquiries in the proper quarter. The court is the judge of what constitutes due diligence, and not the party or his attorney. The court's idea on that subject might be entirely different from that of the defeated party, who, naturally, is biased. The facts constituting the diligence exercised by the movant must be stated. General averments, or the conclusions of the defeated party, or his attorney, are not sufficient.

The vigilance which a party must exercise in the preparation of his case, to entitle him to a new trial in event that he later dis-covers additional evidence, is analogous to the assiduity which one must use to find and serve a defendant within the State before he can obtain an order to serve a summons by publication. In connection with the latter situation, the late General Term of the First Department said, in *Bixby* v. *Smith* (3 Hun, 60): " Due dili-gence means some effort or attempt to find the party, which the court or judge shall be satisfied is reasonable under the circum-stances. * * * What the diligence used has been, should be shown, and the court or judge is to determine whether, under the circumstances, it is or is not ' *due*,' within the intent of the statute."

The only affidavits which touch upon the attention which was given by the defendants to the preparation of this case for trial are those of counsel for respondents and an officer of the defendant trust company. Neither affiant states any facts as to what he or any one else did to discover this alleged newly-discovered evidence before the trial; both content themselves with stating their con-clusion that they made reasonable and diligent efforts to discover all the evidence bearing upon the case. They do not tell us of whom they inquired, or what they did to prepare the case for trial. We are not bound to accept their idea as to what constitutes due diligence in the preparation of the case for trial. We cannot

help but think that, if any reasonable effort had been made, all this evidence which the defendants now seek to produce could have easily been discovered before this action was tried.

For the reasons above stated, as well as those set forth in our opinion on the appeal from the first order (226 App. Div. 486), we think that the defendants are not entitled to another trial, and that the learned court below erred in granting this motion.

All concur, except SEARS, P. J., and TAYLOR, J., who dissent and vote for affirmance. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Order reversed on the facts, with costs to plaintiff, and motion denied, with costs to plaintiff. Defendants' appeal dismissed, without costs.