In the Matter of the Estate of EDWARD S. HUTCHINS, Deceased.

Surrogate's Court, Kings County, April 25, 1932.

*John A. Bloom*, for the administratrix.

*George Dyson Friou*, for the petitioner.

*Joseph F. Conran*, for George Hutchins.

WINGATE, S. This motion to vacate the decree granting letters of administration amounts in effect to a motion for a new trial on the ground of newly-discovered evidence, since on an application for similar relief in 1930, the issues were determined adversely to the moving party after a hearing at which the question of the marriage was fully litigated by both parties.

A motion of this type is directed largely to the discretion of the court. (*Barrett* v. *Third Ave. R. R. Co.*, 45 N. Y. 628, 632; *Collins* v. *Cent. Trust Co.*, 226 App. Div. 486, 487; *McCreery Realty Corp.* v. *Equitable Nat. Bank*, 123 id. 358, 360.)

The tests to be applied in determining such matters are

*First*, whether the alleged new evidence " could not with reason-

able diligence have been obtained for use on the first trial." (*People* v. *Prime*, 208 App. Div. 445, 448; *Grafton* v. *Ball*, 164 id. 70, 73; *Collins* v. *Cent. Trust Co.*, 226 id. 486, 487.)

*Second*, whether it is of so positive and convincing a nature that it would probably produce a different result if a new trial were had (*Collins* v. *Central Trust Co.*, 226 App. Div. 486, 488; *O'Harra* v. *N. Y. Cent. & H. R. R. R. Co.*, 92 Hun, 56, 60; affd., 153 N. Y. 690; *Hueser* v. *N. Y. Transportation Co.*, 143 App. Div. 494, 496), merely a possibility or an even chance to this effect being insufficient (*People* v. *Prime*, 208 App. Div. 445, 449; *Pagett* v. *Conn. Mutual Life Ins. Co.*, 55 id. 628, 631; *Collins* v. *Central Trust Co.*, 226 id. 486, 489); and

*Third*, whether it is more than merely cumulative (*Piehl* v. *Albany Railway*, 30 App. Div. 166, 172; affd., 162 N. Y. 617; *Grafton* v. *Ball*, 164 App. Div. 70, 75; *Mason* v. *Bristol*, 180 id. 505, 506), not complying with the foregoing requirements.

Tested by these rules, the allegations of the petition are hopelessly deficient. The allegations respecting diligence in prior ascertainment are mere conclusions and utterly worthless. Even though this prerequisite were to be waived, there is nothing looking to the merits which could by any stretch of the imagination alter the result previously attained. The fact that during most of their married life the decedent and respondent had two separate establishments was fully demonstrated on the trial and as adequately explained. Unquestionably one of these was also shared with the decedent by another man, for reasons then fully developed. The statements in the Doman affidavit that he rented an apartment to the decedent on the supposition that he was unmarried would carry no weight against the positive proof that he was, and the same applies to the lack of information on the subject by the other " witnesses " referred to. The statement of the alleged receipt of a letter from one claiming to have been engaged to the decedent during a part of the time is worthless for any purpose. Even if it were shown that he had been so engaged, which it is not, it would prove only that decedent had not taken this alleged letter writer into his confidence which would not be in the least surprising. As the matter is presented, however, even this is an entirely objectionable and inadmissible piece of unreliable hearsay. Lastly, the similarity of the handwriting of a letter from the widow to one signed in decedent's name has no probative value whatever. What if she did write both? Far from " conclusively " showing that they were not married at the time, it proves nothing whatsoever except that their intimacy was so close that she attended to some of his correspondence for him which strengthens the already

preponderant demonstration of their marriage. If the absence of occupancy of the same room by husband and wife, even if proved to exist, which is not here the case, and a lack of demonstration of affection in the presence of third parties could unmarry people, it is probable that at one time or another during their married lives a majority of married couples would become single.

In the opinion of the court this application is devoid of any merit whatsoever and it is, therefore, denied, with ten dollars costs.

Proceed accordingly.