MARY OCORR, Respondent, v. MILDRED C. PRINCE, Appellant.

Fourth Department, December 23, 1936.

*Nicholas J. Weldgen,* for the appellant.

*J. Frank Traynor,* for the respondent.

PER CURIAM. The testimony, which plaintiff claims is newly discovered, was available to her on the former trial, if reasonable diligence had been used. The luggage carrier was offered in evidence by plaintiff, and the witnesses who knew about it, its removal from the car and its condition after the accident, were sworn and examined. The contact between the two cars was one of the questions litigated, and the materiality of the condition of the luggage carrier was as pertinent and as open to plaintiff then as it is now made to appear on this motion. The affidavit of King, the proposed new witness on this subject, is " to the best of my recollection." Such testimony falls short of testimony " so positive and convincing that it will, in all probability, produce a different result if a new trial is had." (*Collins* v. *Central Trust Co. of Rochester,* 226 App. Div. 486.)

We find no basis for the order appealed from in the mistake made by the witness Prince in her testimony in reference to the mail boxes. Taken with the explanation she gave, it is clear that the witness merely confused the two names in her mind for the moment. The fact that the explanation was accepted by the jury on the first trial may be taken as a strong indication that a similar result would be reached if the case were tried again. We do not find inconsistency or contradiction in this witness' testimony as to her " claims " or " theory " in respect to the condition of the highway, and its part in the causation of the accident, sufficient to form any basis for ordering a new trial.

We further conclude that the testimony, which plaintiff claims is newly discovered, is not so decisive in character that there is a reasonable certainty that on another trial it would change the result. (*Collins* v. *Central Trust Co. of Rochester, supra;* Baylies, New Trials and Appeals [3d ed.], 845.)

The order granting the plaintiff's motion to set aside the verdict and vacating the judgment and granting a new trial on the ground of newly-discovered evidence should be reversed on the facts, with costs, and the motion denied, with costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

Order reversed, with costs, and motion denied, with costs, and verdict reinstated.