In the Matter of the Estate of ANNA METZRATH, Deceased.

Surrogate's Court, New York County, March 11, 1941.

*Alexander Del Giorno*, for James P. Rohan, petitioner.

*Andrew V. Galway*, for Mary Fackiner, respondent.

*Charles L. Hannelly*, for Catherine Metzrath Carlock, respondent.

*Patrick W. McMahon*, for George Rohan, respondent.

*Joseph A. Cox*, for the public administrator.

FOLEY, S.   The petitioner, James P. Rohan, applies to vacate and set aside certain parts of the decree of the surrogate, dated July 26, 1940, which adjudicated that Mary Fackiner was the paternal aunt of the decedent and her sole surviving next of kin. The petitioner now asserts that the prior determination of the surrogate was erroneous; that he and certain other persons similarly situated are the nearest of kin, as maternal cousins once removed and accordingly of the fifth degree of kinship.   He contends that certain alleged newly-discovered evidence which he has developed and set forth in the petition and the affidavits in support of the application justifies the granting of the relief sought.

The application is denied, *first*, upon the ground that the evidence is not newly discovered and was available to the petitioner upon

the trial before the surrogate in the original proceeding. It could have been obtained with reasonable diligence at that time *(Collins v. Central Trust Co. of Rochester,* 226 App. Div. 486; *People* v. *Prime,* 208 id. 445.) *Second,* and upon a more important ground, if all the alleged newly-discovered evidence had been before the surrogate upon the trial of the original proceeding, it could not have affected in the slightest degree the fact that Mary Fackiner, the aunt of the decedent, was her sole next of kin. *(Collins* v. *Central Trust Co. of Rochester, supra.)* In other words, if a new trial were had and all the evidence in the original proceeding, together with the additional evidence relied upon here, was before the surrogate, the same determination would have been made and a specific finding would be required that the petitioner is not one of the next of kin of the decedent.

In the original trial the principal dispute arose over the status of one Catherine Metzrath Carlock, who asserted that she was a sister of the decedent. The evidence failed to sustain her contention. In the same proceeding extensive oral and documentary evidence was presented as to the status of the claimant, Mary Fackiner. The identity of the mother of the decedent through her ancestors and collateral relations was clearly established. The documentary evidence, consisting in part of pedigree certificates and in part of the records of the Society for the Prevention of Cruelty to Children, conclusively proved that the decedent was the daughter of Mary Agnes Rohan and Joseph Perrine or Perrin. The documentary evidence also established and the surrogate found that the decedent was born in 1882. The conclusion was inescapable that the claimant, Mary Fackiner, was the sister of the decedent's father and her paternal aunt and sole surviving statutory distributee. My decision was rendered accordingly. (N. Y. L. J. July 5, 1940, p. 34.)

Upon the original trial the petitioner was represented by competent counsel. Full opportunity was afforded him and counsel for more distant relations than Mary Fackiner to attack her status. The conclusion reached by the surrogate proved the futility of their efforts. The petitioner here appealed from the decree adjudicating kinship and settling the account. That appeal was dismissed by the Appellate Division.

The petitioner is now represented by a new attorney. The alleged newly-discovered evidence which he seeks to present demonstrates a confusion of thought on the part of the petitioner undoubtedly motivated by the desire to procure without legal justification, the balance of the estate which approximates $40,000. He now seeks to establish that the decedent's mother, whose identity

was very clearly proved upon the original trial, was not Mary Agnes Rohan Perrine, but was Margaret Rohan. There was ample documentary evidence in the original trial to show that the mother was referred to and undeviatingly used the name " Mary." In order to overcome the substantial difference between the two names, Mary and Margaret, the petitioner now claims that Margaret Rohan was sometimes known as " Mary Rohan." The pedigree certificates and records and the oral testimony amply proved that Mary Agnes Rohan, the real mother of the decedent, was born in 1864. I commented in my original decision upon the fact that the age of the decedent was misrepresented by her from time to time for the purpose of concealing her true age. The same inference follows from the declarations of the mother of the decedent.

It would be futile to analyze in detail the other alleged newly-discovered evidence urged by the petitioner as a basis for the modification of the original decision and of the decree of the surrogate with its adjudication of the true next of kin of the decedent. It might be summarized, however, as wholly unconvincing, inconsistent with the undisputed facts and evidence in the original proceeding and entirely insufficient to overcome and destroy the basis of the prior adjudication of the surrogate. The petitioner here may be related by blood to the decedent. Under his own claims, at most, he would be of fifth degree of kinship. Mary Fackiner, who was adjudicated the sole statutory distributee, is of the nearer third degree of kinship. The petitioner is, therefore, without any legal status to participate in the distribution of the estate. (Dec. Est. Law, art. 3.) To an attorney unfamiliar with the procedure for the establishment of kinship, the expectation of success may lead to an unjustified optimism. In pedigree cases rules of evidence and the rules as to sufficiency of proof are well established. (*Matter of Wendel*, 146 Misc. 260; *Matter of Wood*, 164 id. 425; *Matter of Whalen*, 146 id. 176; affd., 242 App. Div. 763; affd., 267 N. Y. 537; *Aalholm* v. *People*, 211 id. 406; *Washington* v. *Bank for Savings*, 171 id. 166; *Young* v. *Shulenberg*, 165 id. 385.) When a determination of kinship is made upon competent evidence, it may not be lightly set aside by the pretensions of a person who is actually only an intruder in the proceeding. (*Matter of Wendel*, 159 Misc. 443, 449, 450.)

Submit order on notice denying the application accordingly.