Appeal from an order of the Supreme Court at Special Term, entered May 16, 1950, in New York County, which granted a motion by plaintiff to set aside the judgment and for a new trial on the ground of newly discovered evidence.

Per Curiam:

The appeal is from an order at Special Term granting plaintiff’s motion for a. new trial on the ground of newly discovered evidence. The judgment vacated by the order appealed from was entered April 9, 1946, after a jury trial. This judgment reflects the excess of certain counterclaims over the claims embodied in the complaint. It was unanimously affirmed without opinion by this court on March 7,1947 (271 App. Div. 998), and leave to appeal was denied by the Court of Appeals (297 N. Y. 1042). On October 31, 1949 (N. Y. L. J., *1019 Nov. 1, 1949, p. 1074, col. 1), a motion for a new trial on tlie ground of newly discovered evidence was made at Special Term and there denied. Plaintiff appealed from that decision but withdrew his appeal.
The instant notice of motion for a new trial was dated March 30, 1950, almost four years after entry of the judgment. The court at Special Term granted a new trial on the ground of newly discovered evidence. No other grounds were assigned. It is significant that Special Term struck out or caused to be stricken out the words “ and the perjury, fraud and deceit committed by the defendants herein at the trial” before he signed the order. We are of the opinion that the learned court erred in vacating the judgment and granting a new trial. Much of the alleged newly discovered evidence was available to the plaintiff at the time the ease was tried. This certainly is true with respect to the consular invoices and the commercial invoices.
With respect to the sales memoranda which plaintiff says were made by defendants at his request and which he “ discovered for the first time ” in December, 1948, it suffices to say that most of them were described in the earlier motion for a new trial and were deemed not to furnish an adequate basis for such relief. Furthermore, it was testified to on behalf of the plaintiff that he found them in a vault although he had sworn in proceedings supplementary to execution that he had no vault. The vault, it should be noted, was his own and, presumably, he knew its contents and at least could have discovered the evidence therein, although the vault was located abroad, long before the making of this motion and even at the time of trial.
It is, however, urged that the newly discovered evidence establishes that the books and records of defendants were brought to the United States by defendants in 1939 and not left in Belgium and that the testimony of the defendants to the contrary at the trial was perjurious. This contention is based largely on surmise, on hearsay evidence or on statements alleged to have been made for the most part, by men now dead. We find no substantial basis for any claim of perjury in connection with the telegram referring to the search for the books in Belgium.
Without going into further detail, it suffices to say that the standards established by the cases to meet the requirements for granting a new trial on the ground of newly discovered evidence have not here been met. Plaintiff failed to act promptly or adequately to explain his delay. He failed to show that the evidence was not available by the exercise of due diligence at the trial. The newly discovered evidence to justify awarding a new trial must be “ so positive and convincing, that it will, in all probability, produce a different result, if a new trial is had.” (Collins v. Central Trust Co., 226 App. Div. 486, 488, 489; see, also, O’Hara v. Brooklyn Heights R. R. Co., 102 App. Div. 398, 399.) The alleged newly discovered evidence is not of that character.
We deem it appropriate to observe, without intending any criticism, that the proper practice on a motion for a new trial on the ground of newly discovered evidence is to have it made at Special Term and referred from there to the justice who presided at the trial, if he is available, and that justice should pass upon the motion. 
The order appealed from should be reversed, with costs to the appellants, and the motion for a new trial denied, and the judgment reinstated. Settle order.
Peck, P. J., Glennon, Cohn and Shientag, JJ., concur; Dore, J., concurs in result.
*1020 Order unanimously reversed, with costs to the appellants, the motion for a new trial denied and the judgment reinstated. Settle order on notice.