FIRST NATIONAL BANK OF BATAVIA, Respondent, v. LOUIS FRANK, Individually and as a Member of a Partnership Doing Business under the Name of GENESEE MOTORS, et al., Appellants.

Fourth Department, May 16, 1956.

*Wallace J. Stakel* for respondent.

*Nathan Relin* for appellants.

*Per Curiam.* The complaint in this case stated two causes of action. The first was a law action for fraud and deceit, the claim being that appellant Louis Frank had knowingly submitted a false statement of his individual assets, in reliance upon which the plaintiff bank was induced to extend credit to his firm, Genesee Motors. The record discloses questions of fact as to whether appellant signed the financial statement and knew it to be false, and the jury's verdict on the first cause of action may not be disturbed. Appellant's motion for a new trial of that cause of action on the ground of newly discovered evidence was properly denied. The additional evidence was cumulative, consisted of the opinions of experts, and could with due diligence have been obtained prior to the trial (*Reilly* v. *Haseltine,* 127 App. Div. 64; *Collins* v. *Central Trust Co.,* 226 App. Div. 486; 229 App. Div. 363).

The second cause of action, tried by the court without a jury, was to set aside as in fraud of creditors certain transfers of real property to the appellant Mary Frank, wife of Louis Frank. Four of the parcels were transferred to Mrs. Frank some four years before the organization of Genesee Motors and plaintiff's financing of its activities. There is no finding, and no evidence to support one, that at the time of those transfers the grantor, Louis Frank, was insolvent, or that they had the effect of rendering him insolvent. Neither was there evidence that he had debts at that time, except possibly a contingent liability growing out of an assault case, which seems to have been a rather minor affair quickly settled. Actual intent to defraud creditors, as distinguished from intent presumed in law, must be proved (*Young* v. *Heermans,* 66 N. Y. 374; *Feist* v. *Drucker-*

*man,* 70 F. 2d 333) and may not rest on mere suspicion (*Schultz* v. *Hoagland,* 85 N. Y. 464). "An owner of real estate can make a voluntary settlement thereof upon his wife and children without any consideration, provided he has ample property left to satisfy all the just claims of his creditors." (*Kain* v. *Larkin,* 131 N. Y. 300, 307.) If as we believe, the transfers were for that reason valid when made, they would not be invalidated by Louis Frank's later fraud in representing that he was the owner of the property in question (*Todd* v. *Nelson,* 109 N. Y. 316, 327).

As to a fifth parcel of realty, title to which was taken in the name of Mrs. Frank at a time when Genesee Motors was heavily indebted to the plaintiff bank and was earning no money, we think the evidence supports the finding that the consideration was paid by Louis Frank. The grant is, therefore, presumed fraudulent (Real Property Law, § 94), and in our opinion the presumption has not been rebutted.

The judgment should be modified by striking therefrom the first and third ordering paragraphs, and as modified, affirmed. The orders should be affirmed.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Bastow, JJ.

Judgment modified on the law and facts in accordance with the opinion and as modified is, together with the order, affirmed, without costs of this appeal to any party.

Order affirmed, without costs of this appeal to any party.