■ CLAIRE KNAPP et al., Appellants, v. GEORGE O. GOUGOEN, Respondent. — HERLIHY, J. P.  The plaintiffs appeal from a judgment following a jury verdict on the grounds of inadequacy and from an order denying a motion for a new trial on the grounds of newly discovered evidence.  There is no issue as to plaintiffs' right to recover.  The medical testimony, much of which was not related to the accident, may have caused some confusion in the minds of the jurors but, in balance, we can find no basis for interfering with the verdict or with the motion denying a new trial.  The plaintiffs' attending physician, in answer to a hypothetical question, stated that in his opinion the accident was a competent producing cause of the hiatus hernia while the radiologist testified it was not caused by the accident and the surgeon who operated found the hiatus hernia to be within "normal limits" and further stated that the gallbladder condition, as found, was not related to any traumatic injury.  It might be argued in the first instance that, due to constant complaints of pain by the injured plaintiff following the accident, the operation was exploratory, but, we assume that all aspects of the operation were considered by the jury in its deliberation.  The knee had been previously injured causing some permanent disability and the doctor testified he could not state to what degree the present accident aggravated the pre-existing condition.  Under different proof and circumstances, another jury might have awarded a greater amount in the personal injury accident but this record does not permit our intervention.  The property damage award is in conformity with the proof of the plaintiffs' own expert.  There was testimony, without objection, to substantial special damages, much of which under the proof the jury could and, no doubt, did disregard as not arising from this particular accident.  After eliminating the cost for lost time, the amount awarded by the jury is strikingly similar to the items in the original bill of particulars.  The Judge, who heard and observed the witnesses, denied the motion for a new trial on the basis of newly discovered evidence.  The determination of such motion is in the discretion of the trial court and will not ordinarily be altered by an appellate court.  There are no unusual or extraordinary circumstances which require our intervention.  (See *Collins* v. *Central Trust Co. of Rochester*, 226 App. Div. 486, 488, 489; *Williams*

v. *Kemp*, 266 App. Div. 891, 892.) Judgment and order affirmed, without costs. Reynolds, Taylor, Aulisi and Hamm, JJ., concur.