John C. Hunter, Doing Business as Saratoga Vending Company, Respondent, v. Ford Motor Company et al., Appellants.

Third Department, November 3, 1971.

336

Maynard, O'Connor & Smith (Richard M. Gershon of counsel), for Ford Motor Company, appellant.

Keniry & Keniry (Patrick J. Keniry of counsel), for Trice-Juron Ford, Inc., appellant.

John A. Simone, Jr., for respondent.

GREENBLOTT, J. These are appeals from a judgment of the Supreme Court, entered October 8, 1970 in Saratoga County, upon a verdict rendered at a Trial Term, and from orders of said court which denied defendants' motions to set aside the verdict.

John Hunter purchased a Ford Econoline truck from defendant Trice-Juron Ford, Inc., a Ford dealer, in February, 1967 and accepted delivery of the truck in March. On June 4, 1967, while driving alone in the truck, he heard a sudden noise, "the lower left section of the truck dropped onto the road, and the truck veered sharply to the left * * * tipped over and went off the road down the [right] embankment". Plaintiff received personal injuries and the truck was a total wreck. After the accident the vehicle was found to have lost its left rear wheel and the rear axle was broken. A State trooper testified that his on-the-scene investigation disclosed gouges in the road leading toward plaintiff's truck and that he found the truck's rear wheel fully inflated and undamaged on the left shoulder of the road, opposite from where the truck was found. Plaintiff sued Ford Motor Company for negligence in inspection, manufacture and design of the axle and for breach of the warranties of merchantability and fitness. He also sued Trice-Juron Ford, the dealer, for breach of warranty. The two actions were consolidated. A verdict of $27,686.10 was returned against both defendants and Trice-Juron Ford was given judgment over against Ford Motor Company. Defendants moved to set aside the verdict as being against the weight of the evidence, but their motions were denied. Ford Motor Company appeals from the judgment and Trice-Juron Ford appeals from the judgment and from the taxation of costs of $188.36 for which judgment over against Ford was not given. Appeals are also taken from the denial of the motions to set aside the verdict.

Respondent's expert testified that he had examined the axle and wheel that had broken off respondent's truck and found that the axle had undergone a sudden "one step" failure. Although he admitted that based on the limited tests he performed (he was not permitted to cut up the axle or change its appearance) he found no specific defect in the axle or was able to find precisely the cause of the break, he stated that a properly designed and manufactured axle should not normally break in this way and that it was his opinion that the material was defective. He also denied that an impact or blow to the left rear wheel could have caused the accident.

Remembering that the facts "are to be considered in the aspect most favorable to plaintiffs and that plaintiffs are entitled to the benefit of every favorable inference which can reasonably be drawn from those facts" (*Sagorsky v. Malyon*, 307 N. Y. 584, 586; *Markel v. Spencer*, 5 A D 2d 400, affid. 5 N Y 2d 958), respondent here has clearly presented sufficient evidence to state a prima facie case against appellants which permitted submission of the case to the jury. This is evident since, although in both actions in negligence and breach of warranty a plaintiff must come forward with evidence of a defect, existence of the causative defect is provable by circumstantial evidence. The precise defect need not be named and proved; it is sufficient if the cumulation of circumstances and inferences, which includes the pattern of the accident, supports the conclusion that there was a defect which caused the accident (see *Depelteau v. Ford Motor Co.*, 28 A D 2d 1178; *Markel v. Spencer, supra*). This was the situation here.

Since judgment over was given on behalf of Trice-Juron Ford against Ford Motor Company, said judgment over should have included the amount of costs awarded against appellants.

The judgment should be modified, on the law, so as to include costs in the judgment over on behalf of appellant Trice-Juron Ford against appellant Ford Motor Company, and, as so modified, affirmed, with one bill of costs to respondent.

HERLIHY, P. J., STALEY, JR., SWEENEY and SIMONS, JJ., concur.

Judgment modified, on the law, so as to include costs in the judgment over on behalf of appellant Trice-Juron Ford against appellant Ford Motor Company, and, as so modified, affirmed, with one bill of costs to respondent.