■  EDINA PUGLIESE, as Administratrix of the Estate of SILVANO PUGLIESE, Deceased, and as Mother and Natural Guardian of DANIEL PUGLIESE, an Infant, et al., Respondents, v FORD MOTOR COMPANY, INC., Appellant, and EDWARD J. COTTRELL, Respondent. (Appeal No. 2.)—Judgment unanimously reversed, on the facts, and a new trial granted as to defendant Ford Motor Company in the cause of action entitled Edina Pugliese as mother and natural guardian of Daniel Pugliese, an infant, and in the cause of action entitled Edina Pugliese, as administratrix of the estate of Silvano Pugliese, on the issue of damages only, with costs to respondents, unless plaintiff Edina Pugliese shall, within 10 days, stipulate to reduce the verdict in her action on behalf of Daniel Pugliese to the sum of $35,000, as of the date of the rendition thereof, and further stipulate to reduce the verdict in her action as the administratrix of the estate of Silvano Pugliese, deceased, to the sum of $250,000, as of the date of the rendition thereof, in which event the judgment is modified accordingly, and as modified, affirmed, without costs, Order unanimously affirmed. Memorandum: These actions arise out of an accident which occurred when the vehicle of Silvano Pugliese, which was traveling eastbound on the New York State Thruway, went out of control, crossed the dividing mall and collided with the westbound vehicle of plaintiff Dio. The point of impact was the right rear of the Pugliese vehicle and the front of the Dio vehicle. It was the contention of the plaintiffs that the accident was the result of a defective axle or wheel assembly which fractured before Mr. Pugliese lost control of the car. Defendants contended that the Pugliese axle broke upon impact with the Dio vehicle. Upon this appeal defendant Ford Motor Company urges that the trial court erroneously charged the jury that it could find Ford liable if plaintiffs proved a specific defect in the axle, but that the jury could also find Ford liable if it found on the basis of circumstantial evidence that the Pugliese axle was defective (see *Hunter v Ford Motor Co.,* 37 AD2d 335). At the trial plaintiffs offered expert testimony that the right rear axle of the Pugliese vehicle fractured as the

result of "fatigue", that this fracture occurred at a time while the vehicle was on the eastbound paved portion of the Thruway and before it struck the Dio vehicle and that it was the cause of the accident. While this expert testimony was limited to proving the fatigue fracture, plaintiffs produced other direct evidence that the right rear axle fractured and the wheel left Pugliese's automobile when the vehicle was proceeding eastbound in normal fashion and that this separation was the cause of the accident, not a consequence of the impact between the Dio and Pugliese vehicles. Defendant was apprised of this contention of plaintiffs Dio and Pugliese in their bills of particulars and we find the trial court properly charged the jury that it could find for plaintiffs on the basis of the specific defect which plaintiffs had undertaken to prove or on the basis of some other defect circumstantially proved. While the jury experienced some difficulty in distinguishing the various elements in the negligence and warranty causes of action, the court properly submitted the case for the jury's consideration and we find no grounds in the charge for reversal. Defendant's motion for a new trial was properly denied. The moving papers establish that the evidence was available to defendant several months before the trial commenced (see *Rose v Bailey,* 36 AD2d 638, app dsmd 28 NY2d 857, mot lv to app den 29 NY2d 484; *Collins v Central Trust Co.,* 229 App Div 363, 365), and that its only use would be to impeach plaintiffs' expert witness *(Cornwell v Safeco Ins. Co. of Amer.,* 42 AD2d 127, 134; *Collins v Central Trust Co.,* 226 App Div 486, 487). The verdicts in the personal injury action of Daniel Pugliese and in the action for the wrongful death of Silvano Pugliese are excessive and the judgment is reversed as to defendant Ford Motor Company and a new trial ordered solely on the issue of damages, unless plaintiff shall stipulate to accept the sum of $35,000 in the action of Edina Pugliese, as mother and natural guardian of Daniel Pugliese, and $250,000 in the wrongful death cause of action by Edina Pugliese, as administratrix of the estate of Silvano Pugliese, in which event the judgment will be so modified and as modified affirmed. (Appeals from judgment and order of Erie Supreme Court—negligence—warranty.) Present—Marsh, P. J., Moule, Simons, Goldman, and Witmer, JJ.