**Minette ALAIMO and Susan Alaimo, individually, Plaintiffs–Appellants,**

**v.**

**3M COMPANY, 3M Pharmaceuticals, and their Manufacturers, Agents and Subcontractors, and Rite Aide Corporation, jointly and severally, Defendants–Appellees.**

No. 07–4523–cv.

United States Court of Appeals, Second Circuit.

Jan. 16, 2009.

Minette Alaimo and Susan Alaimo, pro se.

Arthur H. Thorn, Thorn, Gershon, Tymann & Bonanni, LLP (Erin Mead, Of Counsel, on the brief), Albany, NY, George Spencer Kolbe, Raven & Kolbe, LLP, New York, NY, for Defendants–Appellees.

Present CHESTER J. STRAUB and PETER W. HALL, Circuit Judges, RICHARD K. EATON, Judge.*

* The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

**SUMMARY ORDER**

Plaintiffs–Appellants Minette Alaimo and Susan Alaimo, *pro se,* appeal from the judgment of the United States District Court for the Southern District of New York (Brieant, *J.*), granting summary judgment to Defendants–Appellees. We assume the parties' familiarity with the facts and procedural history.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). Under New York's substantive law, a plaintiff may prevail on a claim of negligent design or strict products liability only if she can establish that the alleged defect was a "substantial factor" in causing her injuries. *See Kosmynka v. Polaris Industries, Inc.,* 462 F.3d 74, 80, 86 (2d Cir.2006); *see also Fane v. Zimmer, Inc.,* 927 F.2d 124, 128 (2d Cir.1991); *Jarvis v. Ford Motor Co.,* 283 F.3d 33, 45 (2d Cir.2002) (citing *Gargano v. Rosenthal,* 100 A.D.2d 534, 473 N.Y.S.2d 225, 227 (2d Dep't 1984), and *Hunter v. Ford Motor Co.,* 37 A.D.2d 335, 325 N.Y.S.2d 469, 471 (3d Dep't 1971)).

The Alaimos were required to prove a causal link between use of the inhaler at issue and the injury, i.e., exacerbation of Minette's condition, by use of expert testimony. "Ordinarily, expert medical opinion evidence ... is required, when the subject-matter to be inquired about is presumed not to be within common knowledge and experience...." *Fane,* 927 F.2d at 131 (internal quotation marks omitted). Under Federal Rule of Evidence 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Expert opinion "requires some explanation as to how the expert came to his conclusion and what methodologies or evidence substantiate that conclusion." *Riegel v. Medtronic, Inc.,* 451 F.3d 104, 127 (2d Cir.2006), *aff'd on other grounds,* —— U.S. ——, 128 S.Ct. 999, 169 L.Ed.2d 892 (2008).

Here, Nurse Krivit's statement could not satisfy the requirements of expert testimony. *See Riegel,* 451 F.3d at 127. Moreover, even if Nurse Krivit and Dr. Rodrigues could qualify as experts, their testimony did not establish any causal link between the allegedly defective inhaler and injury to Minette. First, Nurse Krivit's opinion was based solely on her personal observations of Minette, and she failed to explain the basis or methodologies for arriving at the conclusion that the inhaler led to a worsening of Minette's asthma. Dr. Rodrigues, who repeatedly indicated that he was not an expert, stated at most that there was a temporal link between the exacerbation of Minette's symptoms and her use of the inhaler. Equally as important, he repeatedly refused to draw a direct causal link between use of the recalled inhaler and Minette's condition, acknowledging that there were numerous other factors that could have led to a worsening of Minette's asthma. Thus, reading the evidence and record in the light most favorable to the Alaimos, the district court correctly granted summary judgment to 3M and Rite Aid. *See Miller,* 321 F.3d at 300.

We have reviewed appellants' remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.