In the Matter of the Estate of GEORGE W. KOTLIK, Deceased.

Surrogate's Court, Kings County, October 30, 1934

*George G. Lake*, for Katherine Kotlik.

*Francis M. Verrilli*, special guardian for Sophie, Michael and Louis Kotlik.

*Joseph A. Kennedy*, referee.

*Sielberman & Davis*, for Rosy Sankiewicz.

* Revd., 265 N. Y. 383.

WINGATE, S. In its former opinion in this case (152 Misc. 802) this court determined that since the former wife of the decedent had not, so far as the record demonstrated, been known to be alive since 1920, and the decedent in 1923 commenced a relationship of apparently matrimonial nature with the petitioner, which continued until the time of his death, and from which issue resulted, it must be presumed that a valid marriage between the petitioner and decedent had been consummated, wherefore she was entitled to letters of administration upon his estate in preference to the mother of the decedent.

The present application seeks a reargument of this determination or, in the alternative, that the matter be remitted to the referee to enable the respondent to present evidence to the effect that the first wife was known to be still living in 1925.

The basis of the application is the feeling of the applicant that the court, in its former decision, failed to give due effect to the provisions of section 7-a of the Domestic Relations Law, which permits a spouse to bring an action for dissolution of a marriage after the expiration of five years during which the husband or wife has been continually absent under circumstances raising an inference of death.

This section has no bearing whatsoever upon the state of facts presented by this record. A person who has once been married has a perfect legal right to remarry if his former spouse is actually dead. In the present case the presumption of such actual death must prevail; indeed, the papers submitted in 1933 in the application in which the respondent obtained guardianship of the children of the first marriage demonstrate a belief by such children and the respondent of the fact of actual death.

The purpose of section 7-a of the Domestic Relations Law was merely to transform the probability of death into a legal certainty so far as a marriage contracted thereafter was concerned. An adjudication thereunder would not, and was not intended to, have the effect of making any deader a person who had actually died. Where a person remarries without proof of the actual death of an absent spouse, he incurs the risk of later ascertainment that he was not free to marry and that the subsequent marriage was invalid. Such invalidity, if demonstrated, however, arises not by reason of his failure to procure a solemn adjudication by some court that the missing spouse is dead (which judgment may, or may not, coincide with the actual fact), but because the missing spouse is, in fact, alive.

Whereas, therefore, the procurement of such an adjudication may be a wise precautionary measure averting unpleasant con-

sequences if the absentee reappears, it has no further or greater utility, and unless or until the reappearance of the absentee, is wholly futile and meaningless, amounting merely to an asservation by a tribunal of a belief which the applicant presumably already entertains.

The ultimate question in any event is whether the absentee is really dead. The belief or expressions of opinions of any number of persons, whether judicial officials or lay individuals, will not alter the ultimate fact of life, nor will their absence bring again into being a person who has passed to another, and, it is to be hoped, a better world.

Here, the sole question is whether the first wife was actually dead at some time during the continuance of the marital relations of the decedent and the petitioner, and on the record as presented, and the rules of law noted in the former opinion, it will be presumed that she was, which presumption must prevail in the absence of positive proof to the contrary.

Were the respondent, despite the attendant stultification resulting from the allegations in the guardianship application, able, as claimed, to demonstrate that the absentee was known to be living in 1925, it would not alter the result, since as against the presumption of legitimacy of the issue of the second marriage and the validity of that marriage, it must be presumed that the absentee died at some time between the time she was last known to be alive and the date of decedent's death in 1933, and that subsequent to such death the second marriage was legally consummated. (*Matter of Smith*, 136 Misc. 863, 878, and authorities cited.)

It follows that the alternative prayer for relief, that the matter be remitted to the referee to prove this alleged fact, which is in reality an application for a new trial, must be denied as not complying with any of the primary requirements pointed out in *Matter of Hutchins* (143 Misc. 618).

The application for reargument is accordingly granted and on such reargument the court adheres to its former determination. The application to remit the case to the referee for further hearing is denied. Costs of this application are awarded against the moving party.

Enter order on notice accordingly.