In the Matter of the Estate of Oscar Rogers, Deceased.

Surrogate's Court, New York County, November 1, 1934.

*Willis B. Davis*, for the Brooklyn Trust Company.

*I. Stanley Rosenthal* [*Eli Kriger* of counsel], for the claimant.

*Kathryn A. Wendel*, special guardian.

FOLEY, S.   In this contested accounting proceeding claim is made by Lottie Zuckerman Rogers, former wife of the decedent, for moneys expended for her support and maintenance after her alleged abandonment by him.   The period for which reimbursement is sought is from November 11, 1918, to June 14, 1927.   The contention of the claimant is that she is entitled to these moneys, aggregating $8,888.55, under the rule laid down in *De Brauwere* v. *De Brauwere* (203 N. Y. 460); *Laumeier* v. *Laumeier* (237 id. 357), and *Matter of Reich* (138 Misc. 823), that a wife who has applied her separate estate to the purpose of an obligation resting primarily upon her husband may recover from him or his estate the reasonable amounts which she has expended in the discharge of the obligation. The claim is disallowed.   It appears that the decedent and the claimant lived together for a period of only five months during the years 1916 and 1917.   Marital differences arose in April, 1917,

and the parties separated. The claimant immediately thereafter resumed an employment which she held before her marriage to the decedent. During the entire period covered by the claim she received a salary ranging from $2,000 to $2,500 per year. Not once during this period did she bring any action for separation or any other form of proceeding to compel her husband to contribute to her support.

I am convinced from the evidence that the separation was voluntary and by arrangement between the parties, and that there was no abandonment by the husband. While it is not material, it is interesting to note that the wife procured an adjudication in the Supreme Court, Queens county, dissolving the marriage under the so-called Enoch Arden law because of the absence of her husband for a period of five years (Dom. Rel. Law, § 7-a, as added by Laws of 1922, chap. 279, § 3). The decree was made on June 5, 1927. The husband likewise procured a decree dissolving the marriage upon the same ground against the wife in the Supreme Court, Westchester county. Despite the testimony in their respective proceedings, it is clear that each one knew where the other party was living during the statutory period, and that the " diligent search " required by the statute was never even attempted. The wife continued to live with her parents during the entire period in the same house in Brooklyn where she and her husband had spent their brief matrimonial association. The testimony also shows that the wife knew the whereabouts of the husband or could easily have discovered where he resided.

The entire testimony submitted in support of the claim and in opposition to its allowance, including the testimony of the claimant herself, clearly establishes that the parties separated by mutual agreement and that the wife relieved the decedent of any duty to support and maintain her. She was entirely willing to rely upon her own separate earnings for her maintenance. The situation is similar, therefore, to the facts considered in my determination in *Matter of Nutrizio* (145 Misc. 626), citing *Krotosky* v. *Krotosky* (169 App. Div. 850, 856). It should be noted also that the claimant attempted to establish her status as the widow of the decedent, despite the procurement of the judicial decree of dissolution of her marriage. It was held by a prior determination in this estate that she thereby forfeited her status as widow. The present claim, subsequently made, was apparently an afterthought and intended to obtain without legal right some portion of her former husband's property.

Submit decree on notice disallowing the claim and settling the account accordingly.