In the Matter of ROSARIO SCHEPIS, Petitioner, against SPENCER E. BATES, as a Commissioner of the State Tax Commission, et al., Respondents.

Supreme Court, Special Term, Bronx County, April 26, 1949.

*Pincus P. Ettinger* for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Louis Winer* of counsel), for respondents.

EDER, J. Motions Nos. 12 and 37 are considered together. Motion No. 12 is a proceeding under article 78 of the Civil Practice Act, to review and annul the determination of the respondents rejecting the application of the petitioner for payment of a veteran's bonus.

The petitioner and Rosaria Schepis were married and a son was born of that union, viz., Joseph V. Schepis. Joseph V. Schepis was duly inducted into the United States Army on January 10, 1941; he was killed in action in France on July 15, 1944. Proof of his birth and death have been filed with respondents.

Petitioner instituted a proceeding in this court pursuant to section 7-a of the Domestic Relations Law, for a dissolution of said marriage, alleging that said Rosaria Schepis had absented herself for more than five successive years last past before the presentation of his petition to this court, without being known to the petitioner to be living during that time, and had since so absented herself that diligent search had been made to discover evidence showing that she was living and that no such evidence had been found and that petitioner believed her to be dead.

On June 11, 1937, this court, after taking proof, duly made an order dissolving said marriage between petitioner and said Rosaria Schepis and ordered that from the date of said order, custody of said child, Joseph, the issue of said marriage, be awarded to the petitioner. Said order, which was then interlocutory, became final three months later.

Petitioner made application to the respondents, as next of kin of said veteran, for payment of a veteran's bonus under chapter 547 of the Laws of 1947, as amended.

The application was rejected, and in a letter under date of November 12, 1948, signed by the Director, Veterans' Bonus Bureau, respondents stated as the ground of rejection: " The reason for this determination is you are not entitled to payment

of the bonus as next of kin. The Bonus Act specifically defines next of kin of a deceased veteran as the widow, widower, children, mother, father, brothers and sisters, in the order named, and none other. A dissolution of the marriage between the veteran's parents does not affect the relationship as between the veteran and his parents. The veteran's mother is entitled to the bonus, if living ''.

The letter also advised petitioner of his right to a judicial review of said determination and to request a reconsideration thereof by the Commissioner of Taxation and Finance.

Such an application for reconsideration was made and again rejected, by letter under date of February 11, 1949, which, among other things, stated:

'' Counsel to the Commissioner has advised us that a dissolution of marriage under 7A of the Domestic Relations Law is not sufficient proof of the death of the defendant. The purpose of the action is to dissolve the marriage and there is no direct declaration by the presiding judge that the defendant is deceased.

'' Under the provisions of the Bonus Act we cannot pay an applicant until he establishes satisfactorily that persons with a prior right to the bonus are deceased. The Bonus Bureau is an instrument of the Bonus Act and we have no greater power than the Act gives us. We have no authority to determine whether for the purpose of this bonus, a person is deceased or not deceased.

'' Until such time as the applicant can submit either a death certificate for his former wife, an affidavit from any person with direct knowledge of the demise of his former wife, or a copy of an order of a court of record declaring her to be dead, his claim must be rejected.

'' In accordance with your letter of December 23, 1948, we wish to advise you that the application is in order except for submission of proof of the death of the deceased veteran's mother.''

I am unable to concur in the determination made by the respondents.

The afore-mentioned order of this court dissolving the marriage was a determination that the mother of the deceased veteran was dead. It is upon this basis that the proceeding is founded and that the dissolution is authorized by the statute and the order of dissolution is made. It is a presumption of death, predicated upon proof warranting such a finding by the court and this presumption continues as an adjudicated fact until the order is set aside.

The position taken by the respondents constitutes a collateral attack upon the final order of this court which cannot be given recognition. The order of this court cannot be collaterally attacked except for lack of jurisdiction.

The petitioner is, therefore, entitled to an order directing the payment to him of the veteran's bonus, unless there is some maintainable defense to prevent it, interposed.

The respondents, by motion No. 37, have cross-moved to dismiss the petition upon the ground that it fails to set forth facts sufficient, as matter of law, to entitle petitioner to the relief requested against the respondents; that this proceeding is not, as a matter of law, available to petitioner under the allegations of the petition; that this proceeding is in the nature of mandamus to compel performance of a duty not specifically enjoined upon respondents by law; that the law requires as a condition precedent to payment to petitioner that he establish by proof in a court of competent jurisdiction the decease of said Rosaria Schepis, mother of the deceased veteran.

In view of what has been said with respect to petitioner's application, it follows that these grounds of the motion to dismiss must be ruled to be untenable and the cross motion to dismiss the petition is accordingly denied.

Respondents request that, in the event of the denial of said cross motion, they be granted leave to file answer and to make return to the petition within ten days after the determination of this application. Such leave is granted.

Settle order.