Anthony P. Savarese, S.
This is an application to vacate a decree of this court made on October 6, 1959 which judicially settled the executor’s account. Petitioner, the surviving spouse of the testator, who was not cited in the accounting proceeding, claims that the amount of $5,920.92 appearing in Schedule A of the account belongs to her, said sum representing the proceeds of the sale of real property allegedly held by testator and herself as tenants by the entirety. An answer was interposed by the executor which raised as a defense a decree dissolving the marriage under section 7-a of the Domestic Relations Law.
The proof adduced at the trial establishes that the petitioner and testator were married on June 17, 1915, that the real property in question was conveyed to petitioner and testator on April 21, 1924, that an interlocutory decree dissolving the marriage between petitioner and testator pursuant to section 7-a of the Domestic Relations Law was entered on November 13,1946 which became final, as of course, three months later, and that testator conveyed the afore-mentioned real property to himself by deed on April 25, 1947. The afore-mentioned deed contained a recital that the conveyance was intended to eliminate the petitioner’s interest in the property pursuant to the decree of dissolution of the marriage, which made no reference to the real estate. It was also established that the attorney for the executor and counsel for petitioner entered into an agreement on June 27, 1958, prior to the accounting, and prior to the sale of the real property, wherein it was mutually agreed that the proceeds from said sale was to be placed in an escrow account in the names of both attorneys and that no distribution thereof was to be made until title to said property was determined by a court of competent jurisdiction.
*563 By the enactment of section 7-a of the Domestic Relations Law the Legislature furnished a method by which a marriage may be terminated upon proof of five years absence, provided the petitioning spouse believes the other spouse to be dead and has made a diligent effort to discover whether such other spouse is alive. The section has no other or further significance than to “ transform the probability of death into a legal certainty so far as a marriage contracted thereafter was concerned.” (Matter of Kotlik, 153 Misc. 355, 356.) The section does not require the court to make a finding or presumption of death. If the Legislature had intended to impose such a requirement it could have done so, since section 341 of the Civil Practice Act permits such presumption to be drawn from an unexplained absence of seven years. Thus, under the so-called Enoch Arden law there is no presumption of the missing spouse’s death because of his or her absence for five years. (Matter of Heilweil, 232 App. Div. 610.) Even if such a presumption existed or the court made a finding of death it would be no defense to the instant application. The fundamental question in any event is whether the absentee is really dead. The presumption of death arising under section 341 of the Civil Practice Act and under subdivision 2 of section 119 of the Surrogate’s Court Act is disputable where the alleged missing decedent returns alive. (Matter of Killan, 172 N. Y. 547.) In such event, he may recover from a bank despite a prior payment made by it to his alleged legal representative. (Marks v. Emigrant Ind. Sav. Bank, 122 App. Div. 661, 665.) Here, the surviving spouse is alive and the proeeurement of an adjudication to the contrary will not alter the ultimate fact of life. Accordingly, the court determines that she is entitled to the proceeds from the sale of the real property and the application is granted. Proceed accordingly on notice.