John D. Bennett, S.
This is an application to declare an absentee dead, and for letters of administration.
The absentee’s disappearance occurred on September 7, 1941, and has remained continuous ever since. The sole asset involved is certain real property. Record title to this property is in the petitioner and the absentee as tenants by the entirety. Subsequent to the absentee’s disappearance the petitioner, pursuant to sction 7-a of the Domestic Relations Law, commenced a proceeding to dissolve his marriage with the absentee based upon her absence. The final decree dissolving the marriage was obtained on February 10, 1948.
The petitioner contends that the dissolution of the marriage had the effect, under section 7-a, of terminating the tenancy by the entirety, and of changing it to a tenancy in common. While this is true and is case law with regard to the effect of a divorce and apparently also an annulment (Grossman, New York Law of Domestic Relations, § 290), this effect has not been extended to a dissolution of a marriage because of absence (Matter of Feltman, 32 Misc 2d 562). In the Feltman case Surrogate Savarese held (p. 563) that a section 7-a dissolution “ has no other or further significance than to ‘ transform the probability of death into a legal certainty so far as a marriage contracted thereafter was concerned ’ ’ ’.
In the Feltman case the absentee wife returned after a dissolution of her marriage under section 7-a, and after her former *981 husband’s death. During his life the husband had attempted to convey title of the premises to himself alone. The court held on those facts that the former absentee wife was entitled to the entire proceeds of the sale of the real property.
In a report submitted in 1961, the Law Revision Commission presented a complete study of the problem of the absentee tenant by the entirety, and suggested new legislation to deal with the situation (N. Y. Legis. Doc., 1961, No. 65 [H]). While it could have suggested legislation which would have had the effect of terminating a tenancy by the entirety after a dissolution of a marriage based on absence, the commission recommended an entirely different approach. It proposed a new section 532-a of the Real Property Law, which has since become law. This new section provides for an action in the Supreme Court to obtain a determination of the value of the estate of the missing cotenant and a judgment extinguishing his estate upon payment into court of the value of his interest in the property.
Although the Law Revision Commission stated it is ‘ ‘ strongly arguable ” that a dissolution of a marriage, under section 7-a, has the effect of changing a tenancy by the entirety into a tenancy in common, the observation was made that there is no reported case expressly so holding. There is no reference to Matter of Feltman (supra) decided in April of 1960. While Matter of Pollard (135 N. Y. S. 2d 568) cited by the commission, and factually similar to the present case, may be justified on the ground that it was decided on this basis, there is no express holding whatsoever or citation of authority, that a section 7-a dissolution terminates a tenancy by the entirety.
Accordingly, this court holds that the section 7-a dissolution of the marriage between the petitioner and the absentee did not have the effect of terminating the tenancy by the entirety, and of changing it to a tenancy in common. Since the property is still held by the entirety, and upon the death of either the petitioner or the absentee will vest automatically by operation of law without administration, and there being no property to be administered, the application is denied.