Edward S. Silver, J.
This is an application for letters of administration. Although the matter is entitled “ Estate of helen hahn, Deceased,” who is referred to in the petition as “ decedent,” it is concerned with “ a person alleged to be deceased ” of whose estate full administration is sought (SCPA 1002; formerly Surrogate’s Ct. Act, § 119, subd. 2) rather than temporary administration of the estate of an alleged decedent or of an <{ absentee ” defined as one who “ has disappeared and is absent from his place of abode without being heard of after diligent inquiry ” (SCPA 901; formerly Surrogate’s Ct. Act, § 126, subd. 2).
The petition, filed on April 10, 1968, shows that in 1958 petitioner was appointed committee of his wife, an incompetent, the alleged decedent herein, and is still acting as such committee; that his wife disappeared on October 20, 1962 and thereafter was not seen or heard from despite diligent search; and that by reason of her five years’ continuous and unexplained absence petitioner obtained on November 22,1967 an interlocutory decree dissolving their marriage (Domestic Relations Law, art. 12, formerly § 7-a). Presumably the decree became final as a matter of course three months later, prior to the filing of this petition.
Petitioner alleges further that his wife was domiciled in Kings County; that she died intestate on October 20, 1967 (which is five years after her alleged disappearance) at an unknown place; that she was survived by petitioner, her husband, a mother and a brother, whose whereabouts are unknown, as her distributees; that she was the owner and died possessed of certain personal property not exceeding $10,000 in value and did not die seized of any real property; and that “ in addition to the aforesaid sum of $10,000 of which the decedent died seized, there is in the account of the estate of the decedent, as an incompetent, approximately $9,000 which represents the proceeds of the sale of the real property which was owned by the decedent and your petitioner as tenants by the entirety; which sum is the property of the petitioner by virtue of the death of the decedent.” *233 The petition concludes with prayer for a decree awarding letters of administration to petitioner or to such other person or persons having a prior right as may be entitled thereto. No citation has been issued or other notice of this application has been given to any person.
The situation raises the question, discussed in petitioner’s memorandum submitted in support of his claim that letters be issued to him as surviving spouse, as to the effect of the marriage dissolution upon his status as husband vis-a-vis his alleged prior right to letters of administration and, along with such right, his claim to the proceeds of the jointly held real property as surviving tenant by the entirety and to the net estate as alleged surviving spouse. Such right and claims are based upon petitioner’s contention that on October 20, 1967, which is five years after his wife’s disappearance and the presumed elate of death (EPTL 2-1.7), he was still her husband, the interlocutory decree being made subsequently. Directly involved also is the matter of notice of this application to the alleged decedent, her mother and brother and, by reason of their absence, to the Public Administrator. Additionally, there is the question of the necessity for a hearing to determine the fact and date of presumed death of the alleged decedent (SCPA 1004, subd. 1).
No case decisive or directly in point has been called to the court’s attention. To a great extent the subject is covered in the judicial reports affecting the above statutes enacted or amended thereafter (see 1961 Report of N. Y. Law Rev. Comm., N. Y. Legis. Doc., 1961, No. 65, Reports G and H; Fifth Report Commission on Estates, N. Y. Legis. Doc., 1966, No. 19, Report No. 1.12A; also McKinney’s Cons. Laws of N. Y., Practice Commentaries, SCPA sections cited herein).
In Matter of Rogers (153 Misc. 793) Surrogate Foley denied the claim of a former wife of the decedent for reimbursement of moneys expended for her support over a period of about nine years after his alleged abandonment of her in 1918. The evidence showed that the parties had separated in 1917 voluntarily after only five months of married life. In passing, the Surrogate noted claimant’s previous attempt to establish her status as widow, despite the dissolution of her marriage obtained in 1927, pursuant to section 7-a of the Domestic Relations Law, and his prior determination 1 ‘ that she thereby forfeited her status as widow.”
In Matter of Feltman (32 Misc 2d 562) the testator had obtained a dissolution of his marriage pursuant to section 7-a of the Domestic Relations Law. The wife reappeared after judicial settlement of his executor’s account and applied to *234 vacate the decree, specifically claiming that she was entitled to the amount appearing in Schedule A of the account representing the proceeds of the sale of real property allegedly held by testator and herself as tenants by the entirety. The court determined that she was entitled to the proceeds from the sale of the real property and the application was granted. Referring to section 7-a Surrogate Savakese said (p. 563): “ The section has no other or further significance than to ‘ transform the probability of death into a legal certainty so far as a marriage contracted thereafter was concerned.’ (Matter of Kotlik, 153 Misc. 355, 356.) The section does not require the court to make a finding or presumption of death. If the Legislature had intended to impose such a requirement it could have done so, since section 341 of the Civil Practice Act [later Decedent Estate Law, § 80-a and now EPTL 2-1.7] permits such presumption to be drawn from an unexplained absence of seven years [now five years under EPTL 2-1.7], * # * The presumption * * # is disputable where the alleged missing decedent returns alive. (Matter of Killan, 172 N. Y. 547.) ’’
Petitioner in his memorandum does not mention Rogers and Feltman (supra) but cites and relies only upon Matter of Pollard (135 N. Y. S. 2d 568) wherein Surrogate Hazelton granted letters of administration to a former wife of the alleged decedent pursuant to subdivision 2 of section 119 of the Surrogate’s Court Act. Petitioner and the alleged decedent were married in 1935 and lived together until 1939 when he disappeared and was not seen or heard from despite diligent effort to locate him. In 1946 petitioner had the marriage dissolved because of the continued unexplainable absence of her spouse and thereafter remarried. They were record owners as tenants by the entirety of certain real property “ which [as the court said (p. 569)] in itself impels this proceeding ” for letters of administration. In granting letters to petitioner, the court said that each case must be examined in the light of its own particular facts and circumstances and that it must be fully satisfied that there was no reasonable probability of the person being alive before the presumption becomes absolute. Relying upon the presumption of death stated in section 341 of the Civil Practice Act and on the evidence the court stated its belief that the presumption of death had not been overcome and that the conclusion must be drawn that petitioner’s former husband was deceased. It was not indicated whether there was any asset other than the real property held by the entirety which would require administration in the Surrogate’s Court. The Surrogate stated that he was ‘ ‘ primarily interested in *235 * * * the abandoned mother and her two children.” He accepted the dissolution decree as evidence of the husband’s presumed death, saying: “ It would approach the ludicrous for this Court to refuse to consider the missing spouse legally dead in the face of our Supreme Court having dissolved the marriage eight years ago because of the absence of the husband.” (Gorman v. Goodrich, 134 N. Y. S. 2d 233; Matter of Schepis, 195 Misc. 163.) It would appear that one result of the court’s decision granting letters was to enable petitioner to acquire the real property as surviving spouse and tenant.
A different result was reached in Matter of Pozer (32 Misc 2d 980) where the only asset involved was real property in the name of petitioner and his wife who disappeared in 1941. In 1948 he obtained a decree dissolving their marriage because of her absence, pursuant to section 7-a of the Domestic Relations Law. In his application to declare the absentee dead and for letters of administration, petitioner contended that the dissolution of the marriage had the effect, under section 7-a, of terminating the tenancy by the entirety and of changing it to a tenancy in common. Citing Feltman (supra) and distinguishing Pollard (supra) Surrogate Bennett disagreed and held (p. 981): “ Since the property is still held by the entirety, and upon the death of either the petitioner or the absentee will vest automatically by operation of law without administration, and there being no property to be administered, the application is denied.”
The Surrogate in Pozer (supra) did not consider the matter of petitioner’s status as affected by the dissolution of the marriage. He indicated that petitioner could obtain relief in the Supreme Court pursuant to section 532-a of the Real Property Law (now Real Property Actions and Proceedings Law, § 1211) and obtain a judgment extinguishing the interest of the missing spouse upon payment into court of the (equal) value of her interest in the real property. By analogy, it would seem that the amount paid into court could be ultimately distributed pursuant to subdivision 1 of section 991 of the Real Property Actions and Proceedings Law after a lapse of 25 years. Similar relief was afforded simultaneously in temporary administration of the estate of an absentee or internee, pursuant to subdivision 2 of section 130 of the Surrogate’s Court Act (now SCPA 904, subd. 2) and distribution provided for after a lapse of 10 years pursuant to SCPA 911. But “if the court shall find as a fact that the missing co-tenant is dead, the relief extinguishing his estate is not to be granted. A finding of fact that the missing person is dead destroys the basis of the proposed *236 relief, which is the uncertainty as to whether the missing person is in fact dead ” (1961 Report of N. Y. Law Rev. Comm., N. Y. Legis. Doc., 1961, No. 65H, supra, pp. 232-233). Such a finding would furnish the basis for full administration and prompt distribution.
In the instant matter the ultimate relief sought is not merely to extinguish the interest of the alleged decedent in the real property by deposit of an amount equal to half of the proceeds of the sale thereof, because that would still leave open the disposition of said amount as above indicated. "What this proceeding evidently aims to accomplish is to furnish full administration of the estate of the alleged decedent upon this court’s determination that her presumed date of death on October 20, 1967 is her legal date of death for purposes of devolution of the real property and administration of her estate. Thereby petitioner might become entitled — the court need not presently so find — to the entire proceeds of the sale of the real property in question as surviving cotenant, as well as to share wholly or partially in her other assets as a distributee.
If the Supreme Court in the marriage dissolution proceeding did, in fact, make a determination of presumed death as distinguished from a finding of only five years’ continuous and unexplained absence, this court could on the same record make a similar determination in this proceeding after return of process ; otherwise, it £ ‘ must inquire into the facts and take proof thereof and if it appears that [the alleged decedent] is dead the court may make a decree so determining and directing the issuance of letters of administration * * * as prayed for ”. (SCPA 1004, subd. 1.)
The sole question before the court is petitioner’s right to letters of administration and the applicable procedure. The Commission on Estates has dealt with the subject of disqualification of a spouse or former spouse to share or elect in the estate of a deceased spouse (upon which depends the right of such spouse to letters of administration), but not with the case of an alleged deceased spouse or absentee whose marriage with petitioner was dissolved on the ground of absence (Fourth Report, N. Y. Legis. Doc., 1965, No. 19, Report No. 1.14B). The Legislature went beyond the commission recommendations in enacting EPTL 5-1.2 (formerly Decedent Estate Law, § 50) by enlarging the grounds of disqualification of a surviving spouse or former spouse, for all statutory purposes, to include the case where a £ ‘ final decree * * * dissolving such marriage on the ground of absence, recognized as valid under the law of this state, was in effect when the deceased spouse died.” It is noted *237 that this new statute does not deal with disqualification of a surviving former spouse in the estate of his alleged deceased spouse whose marriage was dissolved on the ground of absence, but only with the estate of a spouse known to have died. In the case of an alleged decedent the decree of dissolution follows the date of presumed death as may be determined by the court and could not be “in effect when the deceased spouse died.” The quoted clause is applicable only where the absentee spouse is known to have died subsequent to the date of the decree in effect upon date of death, and in that case the statute disqualifies the surviving former spouse of the decedent, whether such spouse was the plaintiff in the dissolution proceeding or the defendant absentee who reappears thereafter. (The latter, however, may regain status of spouse if successful in vacating the marriage dissolution decree [see Matter of Crick, 38 Misc 2d 1071].) On the other hand, in the instant matter the disqualification of the former spouse in the estate of the alleged deceased spouse, whose marriage was dissolved by reason of the latter’s absence and whose date of presumed death is yet to be established, is not provided by statute but by decisional law, as in Matter of Rogers (153 Misc. 793, supra) with which this court is in accord.
In view of all of the foregoing the court entertains this petition, since petitioner is a “ person interested in the estate * * * of a person alleged to be deceased” (SCPA 1002, subd. 1), but holds that he has forfeited his status as husband by reason of the dissolution of his marriage to the alleged decedent in effect before the petition herein was filed, insofar as his alleged prior right to letters is concerned (Matter of Rogers, supra). No determination is now made, assuming it may become necessary, as to petitioner’s claims to the real property and to share in the personal property in question. Process shall issue to the alleged decedent, her missing mother and brother, for whom a guardian ad litem will be appointed, and to the Public Administrator.